E. B. ATKINSON, APPELLANT, v. H. M. UTTLEY, APPELLEE.

FILED OCTOBER 2, 1915. No. 18161.

1. Judgment: REVIVOR: LIMITATIONS. The act of 1909 (Laws 1909, ch. 154, Rev. St. 1913, sec. 8041), relating to revivor of dormant judgments, applies to all judgments rendered before as well as those rendered after its passage.

2. ———: ———: VALIDITY OF STATUTE. The time between the passage of the act and the date when it took effect will be considered by the courts in passing upon the question as to whether reasonable time was given thereby to judgment creditors in which to assert their rights.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*W. A. Meserve,* for appellant.

*M. F. Harrington, contra.*

BARNES, J.

This is an appeal from a proceeding in the district court for Holt county to revive a judgment. The record dis-

closes that on April 3, 1894, the appellant obtained a judgment in the county court of Holt county against H. M. Uttley, the appellee, for the sum of $1,000, and costs of suit taxed at $3.30. No execution was ever issued by that court, and on the 12th day of April, 1894, the judgment was transcribed to the district court of that county. No part of the judgment was ever paid, and no execution has ever been issued by the district court to collect the same. On October 30, 1909, the appellant commenced this proceeding by petition to the district court to revive the judgment. To that petition the defendant answered, admitting that the judgment had been obtained and had become dormant, and alleged that no execution was ever issued on said judgment; that the judgment had been dormant for more than ten years from and after the 4th day of April, 1899, and that no proceeding had ever been had to revive the same until the commencement of the present action. On the hearing the court found for the defendant and dismissed plaintiff's petition, and he has perfected an appeal to this court to obtain a reversal of that judgment.

Appellant contends that section 8041, Rev. St. 1913, does not, by its terms, apply to judgments which were dormant at the time it was adopted; therefore the district court erred in refusing to revive the judgment and dismissing plaintiff's petition. The provision is general that no judgment shall be revived unless the action to revive the same shall be commenced within ten years after such judgment becomes dormant. The judgment in question became dormant from and after the 4th day of April, 1899, and plaintiff's petition was filed on the 30th day of October, 1909. It thus appears that the judgment had been dormant for more than ten years when this proceeding was commenced. The section in question is general in its terms, and was no doubt intended to apply to all judgments, whether rendered before or after that section was adopted.

It is next contended that, if it does apply to the judgment sought to be revived, then it is void because it contains no saving clause as to such judgments, and that, in order to uphold the section, it must be applied so as to

give the creditor a reasonable opportunity to bring an action to revive his judgment. It is argued that, appellant having brought his action some four months after the law took effect, it was brought within a reasonable time. Several authorities are cited in support of this contention.

It appears, however, that the supreme court of North Dakota, in *Osborne v. Lindstrom*, 9 N. Dak. 1, determined a somewhat similar question. It was there held: "But the power of the courts is limited to passing upon the acts of the legislature, and, if the legislature has failed to act, courts cannot supply the lapse. Fixing the time within which to bring action is purely a legislative function. * * * The time between the date of the passage of an act and the date at which it takes effect will be considered by the courts in passing upon the question as to whether reasonable time had been given in which to bring suit. In such cases, the courts hold that, in postponing the date at which the law should take effect, the courts intended that the intervening time should be given in which to assert rights." See, also, *Guiterman v. Wishon*, 21 Mont. 458.

The section in question in this case was adopted by the legislature of 1909, and did not take effect until three calendar months after its adoption. There can be no doubt but that the legislature considered that this was a sufficient time in which any judgment creditor whose judgment had become dormant might commence an action to revive the same. The appellant in this case had the three calendar months above mentioned, and, in addition thereto, took four months further time before he commenced this action. Therefore he cannot consistently say that, as applied to him, the section in question is unconstitutional and void. This view is also in a manner supported by the supreme court of Kansas, in *Angell v. Martin*, 24 Kan. 334, and *Burnes v. Simpson*, 9 Kan. 658. *Armstrong v. Patterson*, 97 Neb. 871, and *Holmes v. Webster, ante*, p. 105, while not exactly in point, throw some light on the question of actions brought on judgments.

The judgment in question in this case having been rendered more than 15 years before this proceeding was commenced, and no execution ever having been issued, and no attempt made to collect the judgment, we are of opinion that the plaintiff should not now be allowed to revive the same or further harass the defendant in attempting to collect the same.

The judgment of the district court is therefore

AFFIRMED.

HAMER, J., not sitting.