LAHMAN, Respondent, v. HASTINGS et al., Appellants

(54 N. W.2d 166)

(File No. 9266. Opinion filed June 24, 1952)

**Richard M. Balsiger,** Britton, for Plaintiff and Respondent.

**L. R. Gustafson,** Britton, for Defendant and Appellant.

SICKEL, P. J. This is a proceeding to set aside an execution and levy made pursuant thereto. On January 10,

1935, John Lahman, the plaintiff, recovered judgment in the circuit court against Cyril Hastings, defendant, for the sum of $149.05, including costs. The judgment ordered: "* * * That said judgment be and is a lien upon certain removable pipes, pumps and materials more fully described in the Findings of Fact, now located in a tubular well * * *". In January 1938 the special execution was issued pursuant to which the sheriff levied on the property described in the court's decision. The sheriff levied on the property and in February 1938 delivered it to plaintiff, the judgment creditor, taking his receipt therefor. On March 11, 1938 the sheriff returned the special execution, and in his return certified that after receiving the property the plaintiff removed it to another county and out of the jurisdiction of the sheriff. Nothing further happened until March 24, 1951 when the clerk of courts issued a general execution upon the same judgment at plaintiff's request. The execution was delivered to the sheriff and on the same day garnishment process was issued in aid of the execution and served on the Britton Branch, First National Bank as garnishee. Thereafter defendant applied to the circuit court for an order setting aside the general execution and all proceedings in aid thereof. The matter was submitted to the court on affidavits and on May 17, 1951 the court entered its order denying said application, and defendant appealed.

■■ Appellant's first contention is that the execution was issued sixteen years after the entry of judgment without leave of court, contrary to the provisions of Revised Code 1919, § 2632, continued in the 1939 Code as SDC 33.-1901. The above statute provided: "After the lapse of five years from the entry of judgment an execution can be issued only by leave of the Court, upon motion, with personal notice to the adverse party * * *". The statute contains some exceptions which are not material here. This statute was amended by Ch. 131, S.L.1939, so as to permit the issuance of an execution at any time during the life of the judgment without leave of court. Laws in effect at the time of the issuance of the execution did not require leave of court as a condition precedent thereto. However, appellant's reasoning is that the right of the judgment debtor to notice

and a hearing, and the granting of leave by the court, is a substantial right which vested in the judgment debtor at the time of the entry of judgment, and that he could not be deprived of that right by subsequent legislation. The rule is stated in 21 Am.Jur., Executions, § 43, as follows: "Sometimes it is provided by statute that leave of court is essential to the issuance of an execution after the lapse of a designated period or after the death of the judgment debtor. On the ground that such a statute relates to the remedy, it has been held proper to amend it so as to make leave unnecessary even as to existing judgments, * * *". We find that this rule is well supported by judicial authority and therefore conclude that there is no merit in the appellant's first contention.

■ Appellant also contends that the parties intended the delivery of the property by the sheriff to the judgment creditor should constitute a satisfaction of the judgment. This contention is based upn the affidavit of the sheriff stating: "* * * That it was his understanding when the plaintiff, John Lahman, took these materials that it was in complete satisfaction of the judgment", and the affidavit of the judgment debtor: "That he understood that when the sheriff levied on these pipes and when they were not sold as provided by law, that the Judgment was satisfied * * *". These affidavits do not establish an agreement by the judgment creditor to accept the property levied upon in satisfaction of the judgment.

■■ Appellant next contends that the value of the property taken by the sheriff was not shown, and it is therefore presumed that it was sufficient to satisfy the execution and that as long as the levy is unaccounted for it acts as a suspension of all further remedies. The rule is stated in 33 C.J.S., Executions, § 336a(1): "* * * A levy on sufficient personal property to satisfy the debt is, until disposition of the levy is accounted for, a prima facie satisfaction of the debt, and operates, as long as the property remains in legal custody, as a suspension of further remedies on the part of the creditor to obtain satisfaction." The evidence shows that the sheriff levied upon the pipes, pump, pump rods, sandpoint and materials located at the well. His return of

March 11, 1938 shows that he took into his possession the property described in the notice of levy, except the pump, and that this was the property which he delivered to the judgment creditor. The pleadings, findings and judgment of the court in this case show the value of the property levied upon by the sheriff and delivered to the judgment creditor to be $33.44. In the order appealed from in this case the circuit court found this to be the value of the property taken less $11.10 found to be the cost of removing it from the well. The amount due on the judgment debt was $149.05, exclusive of interest. This evidence shows conclusively that the property taken by the sheriff and delivered to the judgment creditor was wholly insufficient to satisfy the judgment debt and therefore the levy did not suspend the right of the plaintiff to a general execution for the satisfaction of the balance due on the judgment.

Judgment affirmed.

All the Judges concur.