WILLIS HIDY, APPELLEE, v. TRACY F. HIDY ET AL., APPELLEES, RENA HIDY SYDOW, INTERVENER-APPELLANT.

169 N. W. 2d 285

Filed June 20, 1969. No. 37158.

Bosley & Bosley, for intervener-appellant.

Russell, Colfer & Frazier, for appellees.

Heard before WHITE, C. J., CARTER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Rena Hidy Sydow intervened in a partition suit to collect a judgment for alimony and child support. Lonnie R. Hidy, the debtor, demurred on the ground that the judgment liens had ceased under a retrospective statute. Rena contended that application of the statute would invade her property rights in the judgment contrary to federal and state guarantees of due process and to section 16 of the Nebraska Bill of Rights which prohibits impairment of obligations of contracts. The district court dismissed Rena's claim and she appealed.

The decree was rendered on February 5, 1936. It awarded Rena (1) $1,000 alimony, Lonnie to pay $100 forthwith and the balance in semiannual installments of $100; and (2) $7.50 a month for support of each of two minor children until the child attained age 18 years. Rena filed the petition of intervention on August 23, 1968, wholly negativing payment and, we take it, issuance of execution.

Statutes in effect from the date of the decree to 1959 had received this construction: "A decree awarding alimony and child support . . . does not become dormant by lapse of time and the defense of the statute of limitations is not available to defeat recovery of delinquent payments." Finnern v. Bruner, 167 Neb. 281, 92 N. W. 2d 785.

The lien section, as amended by addition of subsections (2) and (3) in 1959 and of subsection (4) on March 4, 1961, reads in part:

"(2) A judgment . . . for alimony shall cease to be a lien upon property ten years from the date on which (a) the judgment . . . was entered, (b) the most recent payment was made as shown on the records . . ., or (c) the most recent execution was issued on such judgment . . ., whichever date is the latest, and such lien shall not be subject to reinstatement.

"(3) A judgment . . . for child maintenance shall cease to be a lien upon property ten years from the date on which (a) . . . the youngest child if there be more than one, for whose benefit such judgment . . . was entered, attains the age of twenty-one years, or (b) the most recent execution was issued on such judgment . . ., whichever date is the later, and such lien shall not be subject to reinstatement.

"(4) The lien of any judgment . . . that would have been extinguished on or before October 9, 1961, if subsections (2) and (3) of this section had been in force on the date such judgment . . . was rendered shall be extinguished one year after October 9, 1961, unless pro-

ceedings to enforce such lien shall be started within one year after October 9, 1961." § 42-319, R. R. S. 1943. See, also, Laws 1959, c. 187, § 1, p. 679; Laws 1961, c. 203, § 1, p. 609.

Rena had a constitutional right at best to a reasonable time for enforcement of her lien. Cf. Wheeler v. Jackson, 137 U. S. 245, 11 S. Ct. 76, 34 L. Ed. 659; Norris v. Tower, 102 Neb. 434, 167 N. W. 728. See, 1 Black on Judgments (2d Ed., 1902), § 399, p. 631; 2 Freeman on Judgments (5th Ed., 1925), § 917, p. 1931. In determining whether a retrospective statute allowed a reasonable period for enforcement of a judgment lien, a court may consider a time interval between passage and effective date of the statute. Atkinson v. Uttley, 98 Neb. 722, 154 N. W. 247. See IV American Law of Property (1952), § 18.96, p. 840.

The claims of unconstitutionality are without merit.

AFFIRMED.

SPENCER, J., participating on briefs.