584 P.2d 576

**Martha NOWELS, Appellant,**

**v.**

**Paul E. BERGSTEDT and Maxine B. Bergstedt, husband and wife, Appellees.**

**No. 2 CA–CIV 2724.**

Court of Appeals of Arizona, Division 2.

June 12, 1978.

Rehearing Denied July 26, 1978.

Review Denied Sept. 12, 1978.

Sharp, Sando, Alfred & Hardy by David T. Hardy, Tucson, for appellant.

Russo, Cox, Dickerson & Cartin, P. C. by J. James Murphy, Tucson, for appellees.

## OPINION

HATHAWAY, Judge.

Appellant obtained a judgment against appellees and others on April 21, 1964, in Pima County Superior Court. She filed a proper affidavit pursuant to A.R.S. Sec. 12–1612 on January 24, 1969. Efforts to enforce the judgment were unsuccessful and appellant filed a second renewal affidavit on January 22, 1974. On September 26, 1974, this court in *Coggins v. Wright*, 22 Ariz.App. 217, 526 P.2d 741 (1974), said that neither A.R.S. Sec. 12–1612 nor 12–1613(B) provided for filing a subsequent renewal affidavit. We stated:

> "The only renewal affidavit allowed is the one to be filed within 90 days preceding the expiration of five years from the date of judgment. Even if judgments could be renewed *ad infinitum* appellant's renewal attempt on May 12, 1969 was invalid because the judgment expired on April 23, 1969, five years after the April 23, 1964 renewal." 22 Ariz.App. at 218–19, 526 P.2d at 742–43.

---

**1.** The effective date is June 27, 1976.

In 1976, the legislature amended the statutes pertaining to renewal and execution of judgments. Laws 1976, Ch. 130, Sec. 1, provides:

> "The purpose of this act is to clarify existing law." [1]

In addition to minor changes in the wording of its predecessor counterpart, A.R.S. Sec. 12–1612 was amended by the addition of two subsections:

> "E. Additional and successive renewal affidavits as provided for in subsection B may be made and filed within ninety days of expiration of five years from the date of the filing of a prior renewal affidavit.
>
> F. Recorded judgments which have been timely renewed by a renewal affidavit and successive affidavits, *even if such successive affidavits were not authorized by prior law,* may be renewed as provided in this section if the prior renewal affidavits were filed within ninety days from the expiration of each successive five year period." (Emphasis added)

A.R.S. Sec. 12–1551 was amended to read as follows:

> "A. The party in whose favor a judgment is given may, at any time within five years after entry of the judgment and within five years after any renewal of the judgment either by affidavit or by an action brought thereon, have a writ of execution or other process issued for its enforcement.
>
> B. No execution or other process shall be issued upon a judgment after the expiration of five years from the date of its entry unless the judgment is renewed by affidavit or process pursuant to Sec. 12–1612 or an action is brought thereon within five years from the date of the entry of the judgment or of any renewal thereof.
>
> C. No execution shall issue after death of the judgment debtor unless it is for the recovery of real or personal property or enforcement of a lien thereon." [2]

---

**2.** Prior to the 1976 amendment, A.R.S. Sec. 12–1551 provided:

On June 28, 1976, appellant caused a writ of general execution to be issued and on August 16, the sheriff levied upon appellees' real property. On September 8, appellees instituted a declaratory judgment action against appellant seeking a declaration that appellant's judgment expired on or about January 23, 1974, and requesting attorneys' fees.

The case was tried to the court sitting without a jury and judgment was entered in favor of appellees declaring that appellant's judgment lien in the sum of $7,036.28 had no validity subsequent to January 24, 1974. The judgment also directed the Clerk of the Superior Court to give notice to the Pima County Sheriff to permanently recall the writ of general execution issued June 28, 1976, and that the sheriff's levy dated August 16, 1976, be released forthwith. Appellees were awarded the sum of $1,500 for reasonable attorneys' fees incurred by them to secure the release of the lien.

Appellant urges several grounds for reversal. Since we agree with her that A.R.S. Secs. 12–1612 and 12–1551, as amended in 1976, apply to her 1964 judgment, we need not consider the other arguments.

■ Appellee's contention that statutes will not be given retroactive effect unless it clearly appears that the legislature so intended is correct. *Stanley v. Stanley,* 112 Ariz. 282, 541 P.2d 382 (1975); *Headley v. Headley,* 101 Ariz. 331, 419 P.2d 510 (1966). House Bill 2107, enacted into law in 1976 by amending A.R.S. Sec. 12–1551 and A.R.S. Sec. 12–1612, recited that it was an act "RELATING TO COURTS AND COURT PROCEEDINGS; PROVIDING FOR UNLIMITED RENEWAL OF ENTERED JUDGMENTS; VALIDATING PRIOR RENEWALS, AND AMENDING SECTIONS 12–1551 and 12–1612, ARIZONA REVISED STATUTES". The very language of A.R.S.

Sec. 12–1612(F) clearly expresses the legislative intent to preserve judgments timely renewed by successive affidavits, thus applying retroactively.

■ Appellees argue, however, that retroactive application cannot be given because to do so would impair a vested right. While the legislature may not by retroactive statute impair rights adjudicated by a final judgment, existing laws governing proceedings to enforce judgments may be altered. 16 C.J.S. Constitutional Law § 271a. Statutes such as A.R.S. Secs. 12–1551 and 12–1612 are remedial and can apply to judgments previously rendered— the judgment debtor has no vested right in such statutes. *Lahman v. Hastings,* 74 S.D. 431, 54 N.W.2d 166 (1952); see also, *Phipps v. Sutherland,* 201 Va. 448, 111 S.E.2d 422 (1959); *Appleby v. Farmers State Bank of Dows,* 244 Iowa 288, 56 N.W.2d 917 (1953); *Atkinson v. Uttley,* 98 Neb. 722, 154 N.W. 247 (1915).

■ We hold that A.R.S. Sec. 12–1612, as amended, applied to appellant's judgment which had been timely renewed. Consequently, the remedy by execution under A.R.S. Sec. 12–1551, as amended, was available to her at the time the writ of execution issued. Since the execution was not wrongful, the allowance of attorneys' fees to appellees must also be set aside.

The judgment in favor of appellees is vacated with directions to enter an order dismissing the complaint.

JACK T. ARNOLD, Superior Court Judge, concurs.

NOTE: Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge JACK T. ARNOLD was called to sit in his stead and participate in the determination of this decision.

"A. The party in whose favor a judgment is given may, at any time within five years after entry of the judgment, have a writ of execution issued for its enforcement.
B. No execution shall be issued upon a judgment after the expiration of five years from the date of its entry unless the judgment is revived by affidavit or an action is brought thereon within five years from the date of the entry.
C. No execution shall issue after death of the judgment debtor unless it is for the recovery of real or personal property or enforcement of a lien thereon."

RICHMOND, Chief Judge, specially concurring:

While I agree with the reasoning expressed in the majority opinion and its result, I also agree with the legislature that the 1976 amendments to A.R.S. §§ 12–1551 and 12–1612 were clarifications rather than a change in existing law, the dictum in *Coggins v. Wright,* supra, notwithstanding.