Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000420
15-SEP-2016
08:00 AM

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---oOo---

CIVIL NO. 03-1-0546-03

IN THE MATTER OF
UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO,
Complainant-Appellant-Appellant,

vs.

TIMOTHY A. HOUGHTON, DEPUTY DIRECTOR, DEPARTMENT OF
ENVIRONMENTAL SERVICES, CITY AND COUNTY OF HONOLULU;
LORI M.K. KAHIKINA, DIRECTOR, DEPARTMENT OF
ENVIRONMENTAL SERVICES, CITY AND COUNTY OF HONOLULU;
CAROLEE C. KUBO, DIRECTOR, DEPARTMENT OF HUMAN RESOURCES,
CITY AND COUNTY OF HONOLULU; AND KIRK CALDWELL, MAYOR,
CITY AND COUNTY OF HONOLULU,
Respondents-Appellees-Appellees,

and

HAWAII LABOR RELATIONS BOARD, JAMES B. NICHOLSON, CHAIRPERSON;
ROCK B. LEY, BOARD MEMBER; AND SESNITA A.D. MOEPONO,
BOARD MEMBER,
Agency-Appellees-Appellees.

CIVIL NO. 03-1-0552-03

IN THE MATTER OF
UNITED PUBLIC WORKERS, AFSCME, LOCAL 646, AFL-CIO,
Complainant-Appellee-Appellant,

vs.

TIMOTHY A. HOUGHTON, DEPUTY DIRECTOR, DEPARTMENT OF
ENVIRONMENTAL SERVICES, CITY AND COUNTY OF HONOLULU;
LORI M.K. KAHIKINA, DIRECTOR, DEPARTMENT OF
ENVIRONMENTAL SERVICES, CITY AND COUNTY OF HONOLULU;
CAROLEE C. KUBO, DIRECTOR, DEPARTMENT OF HUMAN RESOURCES,
CITY AND COUNTY OF HONOLULU; AND KIRK CALDWELL, MAYOR,
CITY AND COUNTY OF HONOLULU,
Respondents-Appellants-Appellees,

and

HAWAII LABOR RELATIONS BOARD, JAMES B. NICHOLSON, CHAIRPERSON;
ROCK B. LEY, BOARD MEMBER; AND SESNITA A.D. MOEPONO,
BOARD MEMBER,
Agency-Appellees-Appellees.

NO. CAAP-15-0000420

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

SEPTEMBER 15, 2016

NAKAMURA, C.J., and LEONARD, J., with FOLEY, J., DISSENTING

OPINION OF THE COURT BY NAKAMURA, C.J.

        In this appeal, we are called upon to construe Hawaii
Revised Statutes (HRS) § 657-5 (Supp. 2015) and its use of the
term "original judgment" to determine whether a request to extend
a judgment was made in a timely manner.  HRS § 657-5 provides
that "[u]nless an extension is granted, every judgment . . . of
any court of the State shall be presumed to be paid and
discharged at the expiration of ten years after the judgment
. . . was rendered."  HRS § 657-5 permits a judgment to be

2

extended for up to an additional ten years, but imposes a time limit for seeking the extension by providing that "[n]o extension of a judgment . . . shall be granted unless the extension is sought <u>within ten years of the date the original judgment . . . was rendered</u>." (Emphasis added.)

On September 22, 2003, the Circuit Court of the First Circuit (circuit court) entered a judgment in favor of United Public Workers, AFSCME, Local 646, AFL-CIO (UPW). The circuit court denied a motion to stay the judgment pending appeal, but the Hawai'i Supreme Court later stayed the judgment pending appeal on May 6, 2004. The stay was terminated on April 18, 2005, when the supreme court entered its judgment on appeal after dismissing the appeal for lack of jurisdiction. On March 19, 2015, UPW filed a motion to extend judgment. The circuit court[1] denied the motion, concluding that its September 22, 2003, judgment was the "original judgment" under HRS § 657-5.

The question presented in this appeal is whether UPW's motion to extend judgment was timely filed. The answer to this question turns on whether the circuit court's September 22, 2003, judgment or the supreme court's April 18, 2005, judgment on appeal is the "original judgment" as that term is used in HRS § 657-5. On appeal, UPW argues that the "original judgment" for purposes of HRS § 657-5 is the supreme court's April 18, 2005, judgment on appeal, and therefore, UPW's March 19, 2015, motion to extend was timely filed within the ten-year period for extending a judgment. We disagree with UPW's argument.

We conclude that the "original judgment" as that term is used in HRS § 657-5 is the circuit court's September 22, 2003, judgment. The circuit court's judgment created "the rights and responsibilities that the moving party [(UPW)] is seeking to enforce and extend[,]" and its entry on September 22, 2003, resulted in "a valid and enforceable judgment." <u>Estate of Roxas v. Marcos</u>, 121 Hawai'i 59, 67, 71, 214 P.3d 598, 606, 610 (2009)

---

[1] The Honorable Edwin C. Nacino presided.

3

(discussing the requirements for an "original judgment" under HRS § 657-5). We further conclude that the supreme court's stay of the circuit court's judgment pending appeal tolled the running of the ten-year time period for seeking an extension of the circuit court's judgment for 348 days -- from the supreme court's granting of the stay on May 6, 2004, until the supreme court terminated the stay by filing its judgment on appeal on April 18, 2005. Therefore, UPW had ten years plus 348 days from the entry of the circuit court's September 22, 2003, judgment, that is, until September 4, 2014, to seek an extension of the circuit court's judgment. UPW, however, did not file its motion to extend judgment until March 19, 2015. Accordingly, we hold that UPW's motion to extend the "original judgment" under HRS § 657-5 was untimely and that the circuit court properly denied the motion.

## BACKGROUND

### I.

On April 19, 2002, UPW filed a prohibited practice complaint with the Hawai'i Labor Relations Board (HLRB) against then Mayor, Jeremy Harris, and other officials of the City and County of Honolulu (collectively, City)[2] regarding an alleged agreement to restore and expand public refuse collection operations on O'ahu. In its Decision No. 440 issued on February 11, 2003, in Case No. CE-01-500, the HLRB concluded that the City had committed a prohibited practice by failing to honor and implement its contractual obligations "to avoid displacements as well as a surplus of manual refuse workers by proceeding in good faith to restore collection services for the City which had been privatized, expand services to businesses, condominiums, and

---

[2] The officials of the City and County of Honolulu named as respondents in the prohibited practice complaint were Frank J. Doyle, Deputy Director, Department of Environmental Services; Timothy E. Steinberger, Director, Department of Environmental Services; Cheryl Okuma-Sepe, Director, Department of Human Resources; and Jeremy Harris, Mayor. These officials have been replaced in this case by their successors in the same positions at the City and County of Honolulu.

churches, and compete with private haulers to contract services for miliary bases and public schools." The HLRB, however, excused the City's nonperformance of its contractual obligations based on the frustration of purpose doctrine. The HLRB further ruled that "[t]he circumstances that currently frustrate the objective of the [City's agreement with UPW] may be removed" by the Hawai'i Supreme Court's reversal of the HLRB's decision in a separate case, Case No. CE-01-465, in which event the City's "contractual obligations would again attach."

II.

On March 13, 2003, UPW appealed the HLRB's Decision No. 440 to the circuit court. On September 17, 2003, the circuit court[3] issued its "Findings of Fact, Conclusions of Law and Order Reversing and Modifying in Part, and Affirming and Enforcing in Part [the HLRB's] Decision No. 440 . . ." (September 17, 2003, Order). In its September 17, 2003, Order, the circuit court held that the HLRB erred in its application of the frustration of purpose doctrine to excuse the City's noncompliance with its agreement with UPW. The circuit court reversed the HLRB's decision solely with respect to the HLRB's invocation and application of the frustration of purpose doctrine and affirmed the HLRB's decision in all other respects. The circuit court ordered that the City

> cease and desist from repudiating the agreement with UPW and shall in good faith "restore collection services for the City which had been privatized, . . . expand services to businesses, condominiums, and churches[,] and compete with private haulers to contract services for military bases and public schools" as set forth in [the HLRB's] Decision 440[.]

Pursuant to its September 17, 2003, Order, the circuit court entered its judgment in favor of UPW and against the City on September 22, 2003 (September 22, 2003, Judgment).

III.

On October 22, 2003, the City appealed the circuit court's September 22, 2003, Judgment to the Hawai'i Supreme

---

[3] The Honorable Sabrina S. McKenna presided.

5

Court.  On November 7, 2003, the City filed a motion in the circuit court for stay pending appeal, which the circuit court denied on December 11, 2003.  The City filed a motion in the supreme court for stay pending appeal, which the supreme court granted on May 6, 2004.[4/]

On April 4, 2005, the supreme court issued a summary disposition order dismissing the City's appeal for lack of jurisdiction on the ground of mootness.  United Pub. Workers, AFSCME, Local 646, AFL-CIO, v. Shimizu, No. 26168, 2005 WL 752625 (Hawai'i Apr. 4, 2005).  The supreme court concluded that the City's appeal, which challenged the circuit court's reversal of the HLRB's application of the frustration of purpose doctrine, had become "academic" and therefore moot as the result of the supreme court's decision in United Pub. Workers, AFSCME, Local 646, AFL-CIO v. Hanneman, 106 Hawai'i 359, 105 P.3d 236 (2005). Shimizu, 2005 WL 752625 at *1.  The HLRB had ruled in its Decision No. 440 that the frustration of purpose doctrine would not apply to excuse the City's noncompliance with its contractual obligations and those contractual obligations would again attach if the Hawai'i Supreme Court reversed the HLRB's decision in a separate case, Case No. CE-01-465.  In Hanneman, the supreme court reversed the HLRB's decision in Case No. CE-01-465.[5/]  In Shimizu, the supreme court observed that as a result of Hanneman, both the circuit court's decision and "the unchallenged language of [the HLRB's] Decision No. 440 bound the City to the same

---

[4/] We note that the City's notice of appeal and its motions for stay were framed as an appeal from and motions to stay the circuit court's September 17, 2003, Order rather than the September 22, 2003, Judgment.  However, the final appealable decision was the circuit court's September 22, 2003, Judgment, and the supreme court's grant of the motion to stay enforcement of the September 17, 2003, Order effectively stayed the September 22, 2003, Judgment.  We therefore refer in this opinion to the City's appeal as an appeal from the September 22, 2003, Judgment and the supreme court's grant of the City's stay motion as a grant of a stay pending appeal of the September 22, 2003, Judgment.

[5/] In Hanneman, the supreme court referred to the HLRB's decision in Case No. CE-01-465 as "Decision No. 433."  See Hanneman, 106 Hawai'i at 360, 362, 105 P.3d at 237, 239.

6

contractual obligations[.]" Shimizu, 2005 WL 752625 at *1. The supreme court therefore concluded that the questions raised in the City's appeal would not affect the result in the case, which meant that the appeal was moot and the supreme court lacked jurisdiction to decide the merits of the case. Id.

On April 18, 2005, the supreme court entered its judgment on appeal (April 18, 2005, Judgment on Appeal), which states in relevant part: "Pursuant to the Summary Disposition Order . . . of the Supreme Court of the State of Hawaii entered on April 4, 2005, . . . the instant appeal is hereby dismissed for lack of jurisdiction."

IV.

On March 19, 2015, UPW filed a "Motion to Extend and Renew Court Order, Judgment and Decree for an Additional Ten Years" (Motion to Extend Judgment) in the circuit court. On May 21, 2015, the circuit court issued its "Order Denying Complainant [UPW's Motion to Extend Judgment]." In the order, the Circuit Court concluded, in relevant part:

2.    [HRS] § 657-5 states that "no extension of a judgment shall be granted unless the extension is sought within ten years of the date . . . the original judgment or decree was rendered."

3.    Pursuant to Estate of Roxas v. Marcos, 121 Haw. 59, 214 P.3d 598 (Haw. 2009), the Court finds that the September 22, 2003 judgment was the "original judgment" under [HRS] § 657-5.

On May 22, 2015, UPW timely filed its notice of appeal from the circuit court's "Order Denying Complainant [UPW's Motion to Extend Judgment]."

DISCUSSION

I.

UPW contends that the circuit court erred in concluding that the circuit court's September 22, 2003, Judgment is the "original judgment" for purposes HRS § 657-5 and in denying UPW's Motion to Extend Judgment on that basis. UPW argues that the "original judgment" for purposes of HRS § 657-5 is the supreme

court's April 18, 2005, Judgment on Appeal.  UPW therefore asserts that its March 19, 2015, Motion to Extend Judgment, which was filed within ten years of the entry of the April 18, 2005, Judgment on Appeal, was timely filed.

We disagree with UPW's arguments.  As explained below, we conclude that the circuit court's September 22, 2003, Judgment is the "original judgment" as that term is used in HRS § 657-5 and as it was construed by the supreme court in Roxas.  We further conclude that consistent with the manner in which statutes of limitations like HRS § 657-5 are interpreted, the running of the ten-year time limit to extend the original judgment was tolled during the 348 days the supreme court's stay pending appeal was in effect.  However, UPW failed to seek an extension of the original judgment -- the September 22, 2003, Judgment -- within ten years plus 348 days after it was rendered. Accordingly, UPW's Motion to Extend Judgment was untimely, and the circuit court properly denied it.

II.

HRS § 657-5 is a statute of limitations for actions to enforce domestic judgments, Roxas, 121 Hawai'i at 66, 214 P.3d at 605, and it includes a deadline for seeking to extend the time period to enforce the judgment.  HRS § 657-5 provides:

> Unless an extension is granted, every judgment and decree of any court of the State shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered.  No action shall be commenced after the expiration of ten years from the date a judgment or decree was rendered or extended.  No extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date the original judgment or decree was rendered.  A court shall not extend any judgment or decree beyond twenty years from the date of the original judgment or decree.  No extension shall be granted without notice and the filing of a non-hearing motion or a hearing motion to extend the life of the judgment or decree.

(Emphasis added.)

In construing the extension provision of HRS § 657-5, the Hawai'i Supreme Court concluded in Roxas that the "original judgment" is not the first-in-time judgment when the first-in-

8

FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

time judgment has been vacated or reversed and thus is no longer valid. Roxas, 121 Hawai'i at 67, 214 P.3d at 606. The supreme court held that the "original judgment" of HRS § 657-5 refers and pertains to "the judgment that creates the rights and responsibilities that the moving party is seeking to enforce and extend." Id. at 61, 71, 214 P.3d at 600, 610. Given the purpose of HRS § 657-5 as a statute of limitation for actions to enforce judgments, the supreme court reasoned that "the term 'judgment,' as used throughout HRS § 657-5, must refer to a valid and enforceable judgment." Id. at 66-67, 214 P.3d at 605-06. Reading HRS § 657-5 in para materia with other statutes of limitations, the supreme court stated that "the statute of limitations for extending a judgment begins to run when the cause of action -- the judgment that creates the enforceable claim or right -- comes into existence as an enforceable claim or right." Id. at 69, 214 P.3d at 608 (internal quotation marks and brackets omitted). The supreme court concluded that the "original judgment" under HRS § 657-5 is rendered and "the statute of limitations for extending [that] judgment begins to run at the creation of the judgment that creates the rights and responsibilities that the party is seeking to extend." Id.

Applying its interpretation of HRS § 657-5, the supreme court in Roxas held that the first-in-time judgment and the Amended Judgment did not qualify as an "original judgment" because they did not create the rights sought to be extended. Id. at 73, 214 P.3d at 612. The first-in-time judgment had been replaced by the Amended Judgment, and portions of the Amended Judgment had previously been vacated on appeal. Id. at 62-63, 214 P.3d at 601-02. On remand, the circuit court entered the Second Amended Judgment and the Third Amended Judgment to address separate portions of the Amended Judgment that had been vacated on appeal. Id. at 63-64, 214 P.3d at 602-03. The supreme court held that the Second Amended Judgment and the Third Amended Judgment, which each created distinct enforceable rights that the

9

judgment holders sought to extend, were each an "original judgment" for purposes of HRS § 657-5. Id. at 73, 214 P.3d at 612.

III.

Under the analysis set forth in Roxas, the "original judgment" for purposes of HRS § 657-5 in this case is the September 22, 2003, Judgment entered by the circuit court. The circuit court's September 22, 2003, Judgment was issued pursuant to and incorporated its September 17, 2003, Order that the City "cease and desist from repudiating [its] agreement with UPW" and exercise good faith in complying with the City's obligations under the agreement.[6] It was the circuit court's September 22, 2003, Judgment that "created the rights and responsibilities" that UPW sought "to enforce and extend" pursuant to HRS § 657-5. See Roxas, 121 Hawaiʻi at 71, 214 P.3d at 610.

In contrast, the supreme court's April 18, 2005, Judgment on Appeal did not create the rights and responsibilities that UPW sought to enforce and extend. Rather, the supreme court's April 18, 2005, Judgment on Appeal was issued pursuant to and incorporated its summary disposition order which dismissed the City's appeal from the circuit court's September 22, 2003, Judgment for lack of jurisdiction on the ground of mootness. The supreme court's April 18, 2005, Judgment on Appeal states in relevant part that "[p]ursuant to [its April 4, 2005,] Summary Disposition Order . . . the instant appeal is hereby dismissed for lack of jurisdiction." The supreme court's April 18, 2005, Judgment on Appeal dismissing the appeal for lack of jurisdiction did not address the case on the merits and did not create any enforceable rights or responsibilities, much less the rights and responsibilities UPW sought to enforce and extend.

---

[6] The City does not dispute that HRS § 657-5 applies to the type of judgment at issue in this case -- a judgment ordering the City to cease and desist from repudiating its prior agreement with UPW reached through the collective bargaining process. For purposes of our analysis, we assume without deciding that HRS § 657-5 applies to the type of judgment at issue in this case.

10

IV.

The entry of the circuit court's judgment on September 22, 2003, resulted in a "valid and enforceable judgment," see Roxas, 121 Hawaiʻi at 67, 214 P.3d at 606, which was subject to enforcement until the supreme court stayed it pending appeal on May 6, 2004. After the circuit court entered the September 22, 2003, Judgment, the circuit court denied the City's motion to stay the judgment pending appeal. The City's filing of its notice of appeal from the September 22, 2003, Judgment did not affect the validity or enforceability of the judgment. See TSA International, Ltd. v. Shimizu Corp., 92 Hawaiʻi 243, 265, 990 P.2d 713, 735 (1999) ("[B]ecause the mere filing of a notice of appeal does not affect the validity of a judgment, the circuit court retains jurisdiction to enforce the judgment."). Indeed, the record reflects that UPW attempted to enforce the circuit court's September 22, 2003, Judgment before the supreme court stayed the judgment pending appeal on May 6, 2004.[1]

Under HRS § 657-5 and Roxas, the ten-year statute of limitations for extending a judgment begins to run when the original judgment is rendered. See HRS § 657-5 ("No extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date the original judgment or decree was rendered."); Roxas 121 Hawaiʻi at 69, 214 P.3d at 608 ("[T]he statute of limitations for extending a judgment begins to run at the creation of the judgment that creates the rights and responsibilities that the party is seeking to extend."). The circuit court's September 22, 2003, Judgment created a valid and enforceable judgment which was "rendered" within the meaning of HRS § 657-5 when it was filed on September 22, 2003. See Roxas, 121 Hawaiʻi at 69, 73-74, 214 P.3d at 608, 612-13 (concluding

---

[1] On December 19, 2003, UPW filed a "Motion For Show Cause Order and For Contempt" (Motion for Contempt Sanctions), requesting that the circuit court find the City in civil contempt and impose sanctions for the City's failure to comply with the September 22, 2003, Judgment. The circuit court issued an order denying UPW's Motion for Contempt Sanctions. UPW filed an appeal from that order, and the supreme court eventually dismissed UPW's appeal as moot.

11

that a judgement is rendered "when the parties are (1) aware of their rights and responsibilities created by the judgment and (2) able to enforce those rights[,]" and further concluding that the Second Amended Judgment and the Third Amended Judgment were each "rendered" on the particular date each judgment was filed). Therefore, in this case, the statute of limitations on the "original judgment" began to run on September 22, 2003, when the circuit court filed and rendered its September 22, 2003, Judgment.

V.

In Roxas, the supreme court determined that HRS § 657-5 is a statute of limitations, and it applied principles applicable to statutes of limitations in construing HRS § 657-5. Id. at 66, 69, 214 P.3d at 605, 608. Consistent with principles generally applicable to statutes of limitations, we conclude that the supreme court's stay of the circuit court's September 22, 2003, Judgment tolled the running of the ten-year statute of limitations to extend the judgment from the time the stay was granted until the stay was lifted. See Javier H. v. Garica-Botello, 239 F.R.D. 342, 347 (W.D.N.Y. 2006) (concluding that the statute of limitations was tolled during a stay of discovery); Don Huddleston Construction Co. v. United Bank & Trust Co., 933 P.2d 944, 946-47 (Okla. Civ. App. 1996) (citing the common law principle that "whenever a person is prevented from exercising his legal remedy by some paramount authority, the time during which he is thus prevented is not to be counted against him in determining whether the statute of limitations has barred his right[,]" in concluding that the statute of limitations for refiling a civil claim was tolled during a bankruptcy stay (citations and brackets omitted)); Wakefield v. Brown, 37 N.W. 788, 789-90 (Minn. 1888) (concluding that a court-ordered stay tolled the running of the statute of limitations to execute on a judgment). Accordingly, the running of the statute of limitations to extend the circuit court's September 22, 2003,

Judgment was tolled for, and the ten-year period to extend the judgment correspondingly increased by, the 348 days that the supreme court's stay pending appeal was in effect. UPW therefore had ten years plus 348 days from the filing of the circuit court's September 22, 2003, Judgment, that is, until September 4, 2014, to seek an extension of the judgment. UPW, however, did not file its Motion to Extend Judgment until March 19, 2015. Accordingly, UPW's Motion to Extend Judgment was untimely and the circuit court properly denied the motion.[8]

VI.

Contrary to UPW's contention, the supreme court's stay pending appeal did not convert the supreme court's April 18, 2005, Judgment on Appeal into the "original judgment" under HRS § 657-5 and did not result in the statute of limitations beginning to run on the entry of the supreme court's April 18, 2005, Judgment on Appeal. As previously discussed, the supreme court's April 18, 2005, Judgment on Appeal, which dismissed the appeal for lack of jurisdiction, did not create the rights and responsibilities that UPW sought to enforce and extend. Rather, such rights and responsibilities were created by the filing of the circuit court's September 22, 2003, Judgment, a valid and enforceable judgment that was subject to enforcement until it was stayed by the supreme court. UPW's contention that the April

---

[8] We note that courts from other jurisdictions have reached varying conclusions on whether a stay tolls the running of the time limit to enforce or extend a judgment. For example, the Washington Supreme Court has held that under its judgment-enforcement statute, a stay does not extend the life of a judgment as long as the stay did not prevent enforcement of the judgment after the stay was lifted. Hazel v. Van Beek, 954 P.2d 1301, 1307-11 (Wash. 2001) (en banc). The Arizona Supreme Court has held that under Arizona law, a stay which prevents enforcement of a judgment tolls and extends the time period for enforcing the judgment but does not toll or extend the time period for renewing the judgment. In re Smith, 101 P.3d 637, 639-40 (Ariz. 2004) (en banc). Based on Roxas' application of principles applicable to statutes of limitation in construing HRS 657-5, we decline to follow the approach taken by the Washington Supreme Court or the Arizona Supreme Court. However, if we did follow the approach taken by these courts, our conclusion that UPW's Motion to Extend Judgment was untimely would remain the same, as UPW's motion was filed more then ten years after the circuit court's September 22, 2003, Judgment was rendered.

18, 2005, Judgment on Appeal is the "original judgment" is inconsistent with the supreme court's analysis in Roxas.

Moreover, it would be anomalous to conclude that the ten-year limitations period to extend a judgment under HRS § 657-5 does not run during the time a judgment is enforceable before it is stayed pending appeal. As this case illustrates, a stay pending appeal is not always immediately granted. Thus, for example, a judgment creditor could partially enforce and collect a money judgment during the time period after a judgment is entered and while no stay is in effect. It would be illogical to construe HRS § 657-5 as not counting the time a judgment creditor used to partially enforce and collect a money judgment against the ten-year statute of limitations because a stay of the judgment pending appeal was subsequently granted.

UPW notes that it was unsuccessful in its attempts to enforce the circuit court's September 22, 2003, Judgment before the supreme court's stay was entered and that the entry of the stay prevented further enforcement attempts. However, under our analysis, UPW had a period of more than nine years after the stay was lifted to enforce and extend the circuit court's September 22, 2003, Judgment. Our analysis also accounts for the supreme court's stay by tolling the running of the statute of limitations to enforce and extend the September 22, 2003, Judgment during the period that the supreme court's stay remained in effect.

CONCLUSION

For the foregoing reasons, we affirm the circuit court's May 21, 2015, "Order Denying Complainant [UPW's Motion to Extend Judgment]."

On the briefs:

Rebecca L. Covert
Herbert Takahashi
for Complainant-Appellant-Appellant

Ernest H. Nomura
Deputy Corporation Counsel
for Respondents-Appellees-Appellees

*Craig H. Nakamura*