**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

APR 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES BARROW; GEORGE A TACKER, | No. 21-15626 |
| Plaintiffs-Appellants, | D.C. No. 3:20-cv-08064-SMB |
| v. | |
| NEWREZ LLC, DBA Shellpoint Mortgage Servicing; MORTGAGE LAW FIRM PC, an Arizona Corporation; DITECH FINANCIAL LLC, a foreign Limited Liability Company; NEW RESIDENTIAL MORTGAGE LLC, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Submitted April 11, 2022**

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

James Barrow and George A. Tacker appeal pro se from the district court's

judgment dismissing their action alleging federal and state law claims arising out

_____

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003).  We affirm.

The district court properly dismissed plaintiffs' action because all of plaintiffs' claims rely on the untimeliness of defendant's foreclosure proceedings, but the record shows the foreclosure was timely under Arizona law.  *See* Ariz. Rev. Stat. § 12-548 (a contract in writing that is executed in Arizona has a statute of limitations of six years); *In re Smith*, 101 P.3d 637, 639 (Ariz. 2004) ("Under Arizona law, enforcement is stayed and the time in which to enforce the judgment is tolled during the pendency of bankruptcy actions.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief or allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**