[Civil No. 1846. Filed May 12, 1921.]

[197 Pac. 980.]

# ARIZONA MUTUAL AUTO INSURANCE COMPANY, a Corporation, Appellant, v. BISBEE AUTO COMPANY, Appellee.

1. CORPORATIONS—"LOCAL AGENT" WITHIN STATUTES RELATING TO SERVICE OF PROCESS IS ONE WHO REPRESENTS CORPORATION IN PROMOTION OF ITS BUSINESS.—A "local agent" within Civil Code of 1913, paragraph 442, authorizing service of process on the "local agent" of a corporation, and Revised Statutes of Texas of 1895, article 1223, providing for service upon the "local agent" of a foreign corporation, is a person representing the corporation in the promotion of the business for which it was incorporated.

2. INSURANCE—SUBAGENT HELD A "LOCAL AGENT" WITHIN STATUTES PROVIDING FOR SERVICE UPON LOCAL AGENTS. — A subagent appointed by a general agent of an insurance company to solicit insurance *held* a "local agent" within Civil Code of 1913, paragraph 442, providing for service upon "local agent" of a corporation, and Revised Statutes of 1895, article 1223, providing for service of citation upon "local agent" of a foreign corporation.

3. JUDGES—SUPERIOR COURT JUDGE AUTHORIZED TO CALL IN ANOTHER JUDGE WITHOUT BEING DISQUALIFIED.—Under Constitution, article 6, section 7, providing that a judge of a superior court may sit in other county at the request of the judge of the superior court thereof, it was not necessary that the regular judge of a county should have been disqualified or incapable of serving for calling in an outside judge, notwithstanding Civil Code of 1913, paragraph 503, authorizing one judge to call in another when, for any reason, he is disqualified from trying the case, since the statute could not be a limitation upon the power given the judge by the Constitution.

4. APPEAL AND ERROR—JUDGE OF SUPERIOR COURT OF OTHER COUNTY PRESUMED TO HAVE BEEN REGULARLY ASSIGNED.—On appeal from a judgment by a superior court judge of a county other than that of the place of the trial, it will be presumed in favor of the regular procedure of the court in the absence of objections to such judge shown by the record and, in absence of a showing to

---

1. Who is "agent" within statute providing for service of process on foreign corporation, notes, 19 **Ann. Cas.** 200; **Ann. Cas.** 1914D, 985.

the contrary, that the case had been regularly assigned to such judge by the regular judge of the superior court of such county.

5. JUDGMENT—SETTING ASIDE OF DEFAULT DISCRETIONARY WITH TRIAL COURT.—The matter of setting aside a default is always discretionary with the trial court.

6. JUDGMENT—REFUSAL TO SET ASIDE DEFAULT HELD NOT ABUSE OF DISCRETION.—Where the complaint and summons were served on the agent of the defendant corporation on June 13th, and default was taken against the corporation on July 26th, and where the answer in the case was not mailed until July 26th, as the result of defendant's counsel being absent from his office during the month of July, prior to the twenty-fifth day thereof, refusal to set aside the default *held* not an abuse of discretion.

APPEAL from a judgment of the Superior Court of the County of Cochise. A. G. McAlister, Judge. Affirmed.

Mr. R. E. Sloan and Mr. C. R. Holton, for Appellant.

Messrs. Flanigan & Murry, for Appellee.

O'CONNOR, Superior Judge.—This is an action brought by the Bisbee Auto Company and William R. Cole against the Arizona Mutual Auto Insurance Company, a corporation, under the terms of an insurance policy covering damages to an automobile described in plaintiff's complaint.

The complaint sets forth the terms of the insurance policy, and alleges that an auto was stolen and, while in the possession of the person stealing the same, was wrecked; that under a clause of said policy, insuring the plaintiff against loss by theft, the defendant was liable for the damages sustained by the said auto while in the possession of the alleged thief.

Appellant's brief recites that the complaint and summons, according to the return made by the sheriff of the county of Cochise, were served upon one Bruce Perley on the thirteenth day of June, 1919, and that on the twenty-sixth day of July, 1919, default was

taken against the defendant, and on the same day counsel for plaintiff appeared before Honorable A. G. McAlister, Judge of the superior court of Graham county, Arizona, sitting as a judge of the superior court of Cochise county, and obtained an order for judgment in the full amount prayed for in plaintiff's complaint.

The judgment was not entered until the eleventh day of August, 1919, and in the interim between the date of taking the default and the date of entering the judgment, the defendant filed its motion to vacate and set aside the default and judgment, basing said motion on the affidavit of C. R. Holton, one of the attorneys for appellant, attempting to show that the purported service of summons and complaint was not a valid service upon the defendant corporation, and that no valid service of summons had been made upon the defendant corporation, as prescribed by law; that an answer had been prepared and served by mail upon plaintiff's attorneys on the twenty-sixth day of July, the day default was entered; and that Honorable Richard E. Sloan, counsel for the defendant corporation, was absent from his office during the month of July, up to about the 25th of the month, and that the answer was mailed to plaintiff's attorneys on the twenty-sixth day of July, 1919; that, together with the aforesaid answer, an affidavit of one Carl H. Anderson was also filed, for the purpose of attempting to show that the said Bruce Perley was not an agent of the company upon whom service of summons could lawfully be made.

On the twenty-second day of January, 1920, said motion was by the court denied, and from the judgment and order denying the motion to vacate and set aside the default and judgment, this appeal is prosecuted.

In appellant's second assignment of error, we find the following language:

". . . The court had no jurisdiction of the defendant because of the fact that the purported service of summons and complaint was not made upon the person who was an agent of defendant company upon whom legal service could be had."

Volume 1, Words and Phrases Judicially Defined, page 263, defines an "agent" as follows:

"An 'agent' is one who represents another, called the 'principal,' in dealings with third persons. Such representation is called agency."

Paragraph 442, Revised Statutes of Arizona of 1913, provides that—

"In suits against any incorporated company . . . the summons may be served . . . upon the local agent representing such company or association, in the county in which the suit is brought."

22 Cyc., page 1427, says:

"An insurance agent is one employed by an insurance company to solicit risks and effect insurance."

And further:

"A person may become authorized to bind the company as its agent not only by formal appointment as such agent, but also by being authorized by implication to act on behalf of the company in relation to its business; and in general, persons who, with the knowledge and assent of the company, act for it in soliciting or procuring or contracting for insurance, are held to be agents without formal appointment.

"It is well understood that a corporation can act only through agents, it being an artificial person, and that any person who acts for a corporation to any extent whatever by authority is its agent in whatever he does by its authority." *Densel* v. *Atlanta Mercantile Co.*, 17 Idaho, 432, 106 Pac. 3.

In article 1223, Revised Statutes of Texas of 1895, it is provided upon whom citation must be served in

the case of foreign corporations, among those mentioned being the local agent.

By "local agent," as used in the articles mentioned, must be meant a person who is representing the corporation in the promotion of the business for which it was incorporated, etc., and further:

"The law evidently contemplates service on a person employed in forwarding the particular line of business for which the corporation was organized, . . . " etc. *Bay City Iron Works* v. *Reeves Co.*, 43 Tex. Civ. App. 254, 95 S. W. 739, 740.

A perusal of the affidavit of Carl H. Anderson reveals the following language:

"Carl H. Anderson, being first duly sworn, deposes and says: That he is the secretary and treasurer and a member of the board of directors of the Arizona Mutual Auto Insurance Company, a corporation; and that said . . . corporation is organized under and by virtue of the laws of the state of Arizona; that said corporation has complied with the provisions of the laws of the state of Arizona relative to the appointment of a *bona fide* resident of said state as its agent . . . ; that said corporation has appointed your affiant, Carl H. Anderson, as such agent and has filed said appointment of such agent in the office of the corporation commission, etc.

"Your affiant further states that he is the general agent of the said corporation, Arizona Mutual Auto Insurance Company, representing said company throughout the state of Arizona; that your affiant was duly and regularly appointed such agent by the board of directors of said corporation; . . . that your affiant has . . . appointed subagents throughout the state of Arizona, who are authorized to solicit business for your affiant; that among such subagents is one Bruce Perley, of Bisbee, Cochise county, Arizona; that the said Bruce Perley is . . . the agent of the . . . company . . . to solicit applications for insurance and to collect premiums therefor and remit the same."

In *Venner* v. *Denver Union Water Co.,* 40 Colo. 212, 90 Pac. 626, we find the following:

"Our Code regulates proceedings in civil matters, and it is there provided, by subdivision 9, section 38 [Mills' Ann. Code]: 'If the action be against a foreign corporation . . . organized under the laws of another state . . . and doing business within this state, the summons shall be served by delivering a copy to any agent of such corporation, company or association found in the county in which the action is brought.'

"This clearly indicates an intention on the part of the legislature to provide that, notwithstanding another provision requiring foreign corporations engaging in business in this state to appoint an agent upon whom process may be served, such process may be served upon any agent embraced within the terms of the Code to which we have just referred.

"It is clearly within the power of the state to provide, through the General Assembly, what agents of corporations doing business within her limits may be served with process, provided, of course, that such provisions are reasonable, and the service provided for shall be upon such agents as may be properly deemed representatives of such foreign corporations. Our General Assembly has made provision for this purpose, which embraces any agent of foreign corporations engaging in business in this state.

"We therefore conclude that the provisions of the Constitution and statute referred to, requiring foreign corporations who desire to engage in business in this state to appoint an agent upon whom process may be served, does not limit the service of process upon such agent, but that it may be served upon any other agent contemplated by the provisions of the Civil Code."

From the foregoing, it seems to us that Bruce Perley was the agent of the Arizona Mutual Auto Insurance Company at Bisbee, Arizona, at the time service was made on him; that his duty was to sell auto insurance for the company; and that selling auto in-

surance was the principal business of the company, and the purpose for which it was organized.

Paraphrasing the language of the Supreme Court of Colorado, we therefore conclude that, under the provisions of our statute showing how service shall be made, service on the corporation commission, or upon a statutory agent appointed for such purpose, does not limit the service of summons upon the State Corporation Commission or the statutory agent, but service may be had upon any agent contemplated by the Code, and we believe that Bruce Perley was such agent at the time he was served in this case, and that the service is good.

In the discussion of assignment No. 1, we have covered, we think, assignments 2, 3, and 4, and it will not be necessary to consider them independently. Assignment No. 5 is in the following language:

"The court erred in the trial of the cause, for the reason that there is no showing that the judge of the superior court of Cochise county was disqualified or was unable to serve, nor is there any showing that the judge of the superior court of Cochise county, nor the Governor of the state of Arizona, requested the judge of the superior court of Graham county to hold court in Cochise county."

Section 7, article 6, of the Constitution of the state reads as follows:

"The judge of any superior court may hold a superior court in any county at the request of the judge of the superior court thereof, and in case of the disqualification or the inability of the judge thereof to serve, and upon the request of the Governor, shall do so."

Paragraph 503, Revised Statutes of Arizona of 1913, is as follows:

"The judge of any superior court may on his own motion change the venue of any case, civil or criminal, pending before him, or select another judge to

try the same when for any reason, he is disqualified from trying the same.''

As we read the constitutional provision, it was not necessary that the regular judge of Cochise county should have been disqualified or incapable of serving in the case before calling in an outside judge. When such contingency exists he may request an outside judge to preside over his court, and upon the request of the Governor of the state, the judge so requested must respond. However, in the absence of such contingency he may, at his pleasure and option, call in an outside judge to hold a superior court in his county, and, as we understand it, the judge so called in has the same powers and jurisdiction in the trial and disposition of cases while sitting therein as the regular judge of such county possesses. The statutory provision authorizing the judge to select another judge to try a case when, for any reason, he is disqualified from trying the same, is not, and could not, be a limitation upon the power given the judge by the constitutional provision. It does not pretend to say he may not call in another judge to hold court generally.

The record does not show that any objection was raised and presented to Judge McALISTER at the trial of the case below in the affidavit and motion to set aside judgment made by appellant. Therefore, the presumption of law is in favor of the regular procedure of the court, and that the case had been regularly assigned to Judge McALISTER for trial by the judge of the superior court of Cochise county; and in the absence of any showing to the contrary, we assume that Judge McALISTER was presiding under the provisions of law above cited.

The matter of setting aside a default is always discretionary with the trial court, and a careful perusal

of the record reveals to us no substantial abuse of that discretion.

The judgment of the lower court is affirmed.

ROSS, C. J., and BAKER, J., concur.

NOTE.—Judge McALISTER being disqualified to sit in the above case, Honorable W. A. O'CONNOR, Judge of the superior court of Santa Cruz county, was called to sit in his stead.