[Civil No. 2782.   Filed March 11, 1929.]

[275 Pac. 8.]

EVERT HAGAN, Appellant, v. R. KORNEGAY and P. B. ESTES, Partners Doing Business Under the Firm Name and Style of KORNEGAY and ESTES, Appellees.

See Appeal and Error, 4 **C. J.**, sec. 2668, p. 739, n. 77.
Judges, 33 **C. J.**, sec. 133, p. 991, n. 48.

Mr. T. E. Allyn, for Appellant.

Mr. Frank B. Laine, for Appellees.

ROSS, J.—The assigned errors are all directed at the court's rulings.

The first is that it was error to deny defendant-appellant's request for a jury trial. This question

and others are presented by a bill of exceptions. It appears therefrom that on October 10, 1927, the case was set down for trial on November 1, 1927; that thereafter, on October 29, 1927, a written request for a jury was made, which was renewed on January 18th, 1928, the day of the trial, and denied. The judgment recites that trial by jury was waived by the parties and the cause tried before the court. The statute (par. 508, Civ. Code 1913) provides that either party may demand a jury in writing before the call of the docket, or in open court at the time of the calling of the docket, and, if not so demanded, the right shall be regarded as waived.

The bill of exceptions does not show with reference to the call of the docket when the demand for a jury trial was made. If the demand was made after the call of the docket, it came too late, and, in view of the recital of the judgment, we think it certain that it was.

In conformity with the rule that regularity will be presumed to sustain the action of the trial court when the record fails to show irregularity, we must conclude that the recitation in the judgment must be correct and that the jury was waived by failure to demand it as provided by the statute.

It appears that the case was tried before Hon. ALBERT M. SAMES, superior judge of Cochise county, and not before the local judge, Hon. DAVE W. LING, but aside from an attempt to disqualify the latter there is no showing of a change nor an order assigning the case to Judge SAMES. Defendant calls attention to paragraph 502 of the Civil Code, which provides that either party may urge objections to any outside judge in the first instance, and says he was denied this right, although he requested it. We have here the fact of a request, but in it no suggestion that Judge SAMES was disqualified or in

any manner objectionable. Whether the request was made to Judge LING or to Judge SAMES does not appear. We take it that the objection to a judge about to be called in from an outside county to try a case must be based upon some substantial reason, and here there is no reason whatever suggested why Judge SAMES was not qualified to try the case.

Discussing and disposing of a like set of facts, in *Arizona Mutual Auto Ins. Co.* v. *Bisbee Auto Co.*, 22 Ariz. 376, 197 Pac. 980, we held that "the presumption of law is in favor of the regular procedure of the court, and that the case had been regularly assigned to Judge McALISTER for trial by the judge of the superior court of Cochise county; and in the absence of any showing to the contrary, we assume that Judge McALISTER [outside judge] was presiding under the provisions of law above cited."

These are the only two errors assigned, and finding, as we do, that they are not well taken, the judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.