164 P.2d 860

**FAY v. HARRIS.**

No. 4752.

Supreme Court of Arizona.

Dec. 31, 1945.

Wm. H. Westover and A. J. Eddy, both of Yuma, for appellant.

A. Y. Moore, of Phœnix, for appellee.

PER CURIAM.

This case raises questions largely pertaining to procedure. The facts are: Plaintiff-appellee secured a judgment against defendant-appellant on January 30, 1935, in the superior court of Maricopa County. Partial recoveries were made under various executions. On December 11, 1939, affidavit for a renewal of judgment was filed by plaintiff, pursuant to the provisions of Article 1, Chapter 22, sections 22-101, and 22-102, ACA 1939. The affidavit referred to the judgment as being docketed in "Book 20 of Judgments at page F".

The amount of the original judgment and all payments were properly set out in the affidavit. On the face of the affidavit, it appears that plaintiff, in computing the amount due at the date of the affidavit, failed to deduct a payment of $91.95 shown to have been made, and also took credit for $112 on account of a "Lien, Com.Cred.Co." shown on one of the execution returns. This was obviously an error in the return. Only the right, title and interest of the judgment debtor is sold under execution. Sec. 24-205, ACA 1939. The purchaser is not entitled to an offset because of a lien on the property purchased. Deducting the sum of these two items, $203.95, and properly computing interest on the various items as shown in the affidavit on balances due as of the return dates, the amount unpaid on the judgment should have been approximately $1,475.46, rather than the amount shown in the affidavit, $1,694.49, and $16.53 in excess of the amount which defendant claims to be correct, $1,458.93. This difference results from the fact that on the information shown on the affidavit interest is to be computed from dates of return rather than from the dates of the various sales.

In April, 1944, while the judgment as renewed was still effective, plaintiff caused a writ of garnishment to be served on The First National Bank of Arizona. The sheriff's return, after reciting the receipt of the writ, states, "and personally served the same on the 18th day of April, A.D.1944— The First National Bank of Arizona, a

corporation, being the same garnishee named in said Summons, by delivery to R. S. Courts, in person, Assistant Cashier for the First National Bank of Arizona at the County of Maricopa, a true copy of said Writ of Garnishment."

Garnishee answered, acknowledging it was indebted to defendant in the sum of $1,040. Defendant thereupon moved to quash the writ of garnishment and set aside the service on the grounds: (1) The affidavit of renewal failed to comply with the requirements of section 22-102, supra, in that the amount shown due was $1,694.49, and the exact amount was $1,458.93; it fails to show all payments have been credited, and deducts $112 actually received, and does not set out the book and page of the judgment docket; the lien of the judgment has expired and the writ of garnishment issued is void; (2) the service is void in that the return shows service only on an assistant cashier, not an official or agent within the provisions of sections 21-313 and 25-206, ACA 1939, relative to service of writs and returns.

Subsequent to the filing, but before the hearing of the foregoing motion, and without first securing an order of the court, an amended return was filed by the sheriff setting out "by delivering to R. S. Courts in person, Assistant Cashier for the First National Bank of Arizona and an Agent of said First National Bank of Arizona, at the principal office of said bank during office hours, in the County of Maricopa, a copy of said Writ of Garnishment * * *".

From a denial of this motion and the judgment against the garnishee, defendant brought this appeal.

We agree with defendant that the provisions of Article 1, Chapter 22, supra, must be followed strictly in order that a judgment may be renewed. The law is well settled as to this. We think, however, that plaintiff did comply with the terms of the statute. Insofar as the affidavit is claimed to be defective in not giving the page of the judgment book, it appears that the clerk of the superior court does not page the judgment book except by alphabetical designation. Thus, a judgment is listed as Book 20 A, Book 20 B, C, and F, as the case may be. Since plaintiff designated the judgment as docketed by the clerk, this is a sufficient and full compliance with the statute.

It is true that plaintiff failed to show the exact balance due, through the errors in computation which we have mentioned. However, all of the items of the judgment appeared, all of the credits were set out, the data appeared on the face of the affidavit, from which the exact balance could be determined. Obviously, the final amount set forth in plaintiff's affidavit as the amount due was not correct, but eliminating the charge for $112 (patently not proper), deducting the credit of $91.95 shown but which was not deducted, and then computing the interest from dates of returns, the exact balance could be ascertained. Any party interested, under these

circumstances, would have the right on notice, or the court would have the right to correct the judgment on its own motion. Section 21-1501, ACA 1939.

■ It may be that interest should be computed on balances from the dates of sales, on the assumption that the proceeds are immediately received by the judgment creditor. But if this is done, the balance would only be approximately $16 less than if computed from return dates. The law does not concern itself with trifles. The rule de minimis non curat lex applies. The law provides that the filing of the affidavit "shall renew and revive said judgment to the extent of the balance shown due in said affidavit." Section 22-102, supra. It is apparent from the face of the affidavit that the balance finally claimed was not the correct one, but, as stated, the data and correct computations do show the exact amount due. It is this sum rather than the incorrect balance claimed which controls, and for which the judgment is renewed.

■ Section 21-312, ACA 1939, provides: "At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." It appears from the record that although the amendment was made without first securing the consent of the court, the court accepted the amended return. It is our view under this law that the trial court has this right.

■ Whether the court had the right to accept the amended return presents a rather academic question. It is to be assumed that if objection had been made to the court entertaining the amended return, plaintiff could have secured another amended return on the order of the court. The question was not raised in the lower court and, therefore, cannot properly be considered here. J. H. Mulrein P. S. Co. v. Walsh, 26 Ariz. 152, 222 P. 1046; Board of Supervisors v. Miners & Merchants Bank, 59 Ariz. 460, 130 P.2d 43; City of Glendale v. Coquat, 46 Ariz. 478, 52 P.2d 1178, 102 A.L.R. 837.

■ We think, too, that the ruling of the trial court in holding that the return, as amended, was sufficient to show service on the local agent is fully supported by the decisions of this court in Turner v. Franklin, 10 Ariz. 188, 85 P. 1070, and Arizona M. A. Ins. Co. v. Bisbee Auto Co., 22 Ariz. 376, 197 P. 980. The question presented pertains to a procedural matter. Article 6, section 22, of the Constitution, provides: "No cause shall be reversed for technical error in pleading or proceedings when upon the whole case it shall appear that substantial justice has been done." This provision relates to civil actions, and it has been repeatedly applied in cases where claims of error were made in connection with procedural matters and which

did not result in substantial injury to the objecting party. Arizona Cotton, etc. Mfg. Co. v. Sims, 29 Ariz. 198, 240 P. 341; Sadler v. Arizona Flour Mills Co., 58 Ariz. 486, 121 P.2d 412.

Here the claim is not made that the party served was not actually the local agent, but only that this fact was not shown by the return. The statute, section 21-313, supra, does not define the meaning of "local agent", but this court has said, in Arizona M. A. Ins. Co. v. Bisbee Auto Co., supra [22 Ariz. 376, 197 P. 982]: "By 'local agent,' as used in the articles mentioned, must be meant a person who is representing the corporation in the promotion of the business for which it was incorporated, * * *." It would seem that an assistant cashier of a bank would come within this definition, which is in accord with the general rule. 25 Words and Phrases, Perm.Ed., p. 479. This being so, the return is sufficient, under the rule adopted in Turner v. Franklin, supra. One employed as an assistant cashier of a corporation is an agent upon whom service may be made. Sunada v. Oregon-Washington R. & Nav. Co., 118 Wash. 241, 203 P. 64. Since, as we have pointed out, a proper amendment of return could have cured any defect in service, no substantial rights of defendant are affected.

The judgment is affirmed.

STANFORD, C. J., and LaPRADE and MORGAN, JJ., concur.