230 P.3d 708 (2010)
STATE of Arizona ex rel. INDUSTRIAL COMMISSION OF ARIZONA, Plaintiff/Judgment Creditor/Appellee,
v.
Patrick J. GALLOWAY and Lois J. Galloway dba Galloway Construction, Defendants/Judgment Debtors/Appellants.
No. 1 CA-CV 09-0142.
Court of Appeals of Arizona, Division 1, Department B.
April 15, 2010.
*709 Terry Goddard, Attorney General By Miral A. Sigurani, Assistant Attorney General, Marc A. D'Amore, Assistant Attorney General, David J. Dir, Assistant Attorney General, Stephen D. Ball, Assistant Attorney General, Stanley R. O'Dell, Assistant Attorney General, Phoenix, Attorneys for Plaintiff/Judgment Creditor/Appellee.
Snell & Wilmer L.L.P. By Charles P. Keller, Martha E. Gibbs, Cole J. Schlabach, Phoenix, Attorneys for Defendants/Judgment Debtors/Appellants.

OPINION
SWANN, Judge.
¶ 1 Patrick J. Galloway and Lois J. Galloway d/b/a Galloway Construction (collectively, "Appellants") appeal from the superior court's order overruling their objection to a garnishment levied against them by the Arizona Division of Occupational Safety and Health ("ADOSH"). We hold that a Citation and Notification of Penalty can constitute an enforceable civil penalty within the meaning of A.R.S. § 23-418(J). We further hold that because a civil penalty serves as an enforceable lien for eight years, ADOSH timely brought this garnishment action despite the fact that it filed its renewal affidavit prematurely. We therefore affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2 This case arises out of a garnishment action by ADOSH against Appellants and Alpha Geotechnical and Materials, Incorporated for the collection of unpaid civil penalties totaling $192,000.[1] After a fatal accident *710 in February 1999, an ADOSH compliance officer inspected a construction site that Appellants supervised. ADOSH issued a Citation and Notification of Penalty ("Citation") against Appellants pursuant to A.R.S. § 23-418. Appellants timely challenged the Citation by requesting a hearing, which was held in May 2000.
¶ 3 After the hearing, the administrative law judge ("ALJ") found Appellants responsible for six violations in a decision issued on September 14, 2000. The decision ordered Appellants to pay the full amount of the penalties. Because neither party appealed from that decision, it became a final order pursuant to A.R.S. § 23-421(C)(1995). On April 30, 2003, ADOSH filed the Citation with the superior court to enforce the penalties pursuant to A.R.S. § 23-418(J). On February 13, 2007, ADOSH filed a Judgment Renewal Affidavit.
¶ 4 On September 18, 2008, Mr. Galloway's employer was served with a Summons and Writ of Garnishment compelling it to remit non-exempt earnings to ADOSH as they are earned by Appellants. On September 24, Appellants objected to the writ and filed a request for a hearing, asserting that ADOSH did not have a valid judgment against them.
¶ 5 The court requested simultaneous briefing regarding the application of the judgment renewal statute, including the timeliness of the renewal and the legal effect on a judgment if a renewal is premature. Based on the legal arguments presented in the briefs and at oral argument, the court ruled in an unsigned minute entry:
[ADOSH] was authorized to impose a judgment in the form of a citation. A party has the right to appeal, or review [ADOSH's] imposition of the sanction. Here, the specific Citation identifies a judgment in the amount of $192,000, and this Citation was affirmed by the [ALJ]. In other words, the Citation was originally a judgment, subject to an appellate process. It was itself a form of final judgment. This Court finds that the Citation was a proper judgment for purposes of the transferred judgment.
Second, the Court concludes that premature renewal of the judgment does not void or make voidable the judgment. Here, appropriate notice was provided to Galloway of the intent to renew the judgment. There is no harm in this process.
. . . .
IT IS ORDERED overruling the objection to the garnishment.
On December 30, 2008, the court filed two signed orders. The first confirmed the overruling of Appellants' objection to the garnishment and the second ordered a continuing lien against Appellants' non-exempt earnings. On January 15, 2009, the court filed a third order, which also overruled Appellants' objection to the garnishment and denied their request to dissolve the garnishment.
¶ 6 Appellants timely appeal from the January 15, 2009 order.[2] We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(F)(3)(2003).

DISCUSSION
¶ 7 Because the issues presented on this appeal require statutory interpretation, our review is de novo. City of Tucson v. Clear Channel Outdoor, Inc., 218 Ariz. 172, 178, ¶ 5, 181 P.3d 219, 225 (App.2008). "In interpreting statutes, our central goal `is to ascertain and give effect to the legislature's intent.'" Yarbrough v. Montoya-Paez, 214 Ariz. 1, 5, ¶ 12, 147 P.3d 755, 759 (App.2006) (quoting Washburn v. Pima County, 206 Ariz. 571, 575, ¶ 9, 81 P.3d 1030, 1034 (App. 2003)). "To determine legislative intent, we look first to the language the legislature has used as providing `the most reliable evidence of its intent.'" Id. (quoting Walker v. City of Scottsdale, 163 Ariz. 206, 209, 786 P.2d 1057, 1060 (App.1989); citing State v. Sepahi, 206 Ariz. 321, 324, ¶ 16, 78 P.3d 732, 735 (2003); Janson v. Christensen, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991)). We must also *711 construe statutory provisions in a manner consistent with related provisions. Goulder v. Ariz. Dep't of Transp., Motor Vehicle Div., 177 Ariz. 414, 416, 868 P.2d 997, 999 (App. 1993).
¶ 8 The Arizona Occupational Safety and Health Act of 1972 authorizes ADOSH to "cite employers for violating occupational safety and health standards, require remedial measures, assess monetary penalties, or petition the superior court for orders restraining unsafe conditions or practices." de la Cruz v. State, 192 Ariz. 122, 124, ¶ 7, 961 P.2d 1070, 1072 (App.1998) (citing A.R.S. §§ 23-417, 23-418, 23-419). When ADOSH has reason to believe a violation has occurred, it is required to issue a citation and notify the employer of any proposed penalty. A.R.S. §§ 23-415(A), -417(A). The employer then has fifteen working days to contest the citation or penalty. A.R.S. § 23-417(A). If the employer does not contest the citation or penalty within fifteen days, "the citation and the assessment, as proposed, shall be a final order of the commission and not subject to review by any court or agency." Id. (emphasis added). But if the employer contests the citation by requesting a hearing before an ALJ, A.R.S. § 23-420(A)-(C), the ALJ's decision becomes final fifteen days from the date on which it was mailed to the parties, unless one of the parties requests review within fifteen days. A.R.S. § 23-421(C).
¶ 9 A.R.S. § 23-418(J) prescribes the means for enforcing penalties assessed by ADOSH. It provides:
Civil penalties owed under this article shall be paid to the commission for deposit in the state general fund. After an order or decision on a civil penalty becomes final pursuant to § 23-417, 23-421 or 23-423, the civil penalty shall act as a judgment against the employer. The commission shall file the civil penalty in the office of the clerk of the superior court in any county in this state and the clerk shall enter the civil penalty in the civil order book and judgment docket. When the civil penalty is filed and entered it is a lien for eight years from the date of the final order or decision on the property of the employer located in the county. Execution may issue on the civil penalty within eight years in the same manner and with like effect as a judgment of the superior court. The civil penalty judgment shall accrue interest pursuant to § 44-1201. The commission may recover reasonable attorney fees incurred pursuant to this section.
(Emphases added.)

A. The Citation Is a Civil Penalty.
¶ 10 Appellants contend that the Citation is not a civil penalty within the meaning of section 23-418(J) because it never became a "final order," and that the ALJ's decision, which became final after neither party contested that decision, was the document ADOSH was required to file. We disagree.
¶ 11 Appellants' argument would require us to equate the term "civil penalty" with "final order." But the language of section 23-418(J) distinguishes an order or decision from a civil penalty: "After an order or decision on a civil penalty becomes final...." (Emphasis added.) The use of the prepositional phrase demonstrates that the term "civil penalty" is not synonymous with a "decision" or "order." See, e.g., City of Phoenix v. Yates, 69 Ariz. 68, 72, 208 P.2d 1147, 1149 (1949) (When interpreting a statute, "[e]ach word, phrase, and sentence must be given meaning so that no part will be void, inert, redundant, or trivial."). It is true that the statute requires that there must be a final order or decision before a civil penalty can serve as a judgment. A.R.S. § 23-418(J). But the plain language of the statute also states that after that final decision, "[t]he commission shall file the civil penalty." The statute does not contain any reference to the filing of a decision. We therefore conclude that the civil penalty is the operative document that acts as a judgment or lien, and the final order or decision operates simply to give the penalty the finality it needs to become an enforceable judgment.[3]
*712 ¶ 12 Appellants posit hypothetical situations in which the bare filing of the original citation would be "catastrophically unfair." To be sure, when the ALJ's decision lowers the amount of the original penalty, it would be necessary to file the penalty in a manner that accurately reflects the amount that becomes final after review. But in cases such as this, when the ALJ affirms the penalty in its entirety, the original citation requires no clarification or modificationit provides fair notice of the true amount of the lien. We therefore conclude that ADOSH complied with the plain language of the statute by filing the original citation after it became final, and Appellants suffered none of the prejudice that could result from the facially inaccurate filings they speculate might be made in other cases.

B. The Renewal Affidavit Was Premature.
¶ 13 Appellants next argue that ADOSH cannot renew its judgment lien because it lacks the statutory authority to do so. In the alternative, they contend that the renewal affidavit in this case was ineffective because it was filed prematurely. Though we agree that the affidavit was defective, that conclusion does not alter the result in the circumstances of this case.
¶ 14 A.R.S. § 23-418(J) provides: "[e]xecution may issue on the civil penalty within eight years in the same manner and with like effect as a judgment of the superior court." The general statute limiting the time within which a superior court judgment must be enforced permits "a judgment creditor to execute on a judgment within five years after entry of the judgment." In re Smith, 209 Ariz. 343, 345, ¶ 10, 101 P.3d 637, 639 (2004) (citing A.R.S. § 12-1551(A)). Section 12-1551(B) expressly provides two means to extend the period in which to execute the judgment: either by affidavit or process pursuant to A.R.S. § 12-1612, or by bringing an action on the judgment within the five-year period. To renew the judgment by affidavit, a creditor must file an affidavit "within ninety days preceding the expiration of five years from the date of entry of such judgment." A.R.S. § 12-1612(B). Because the specific statute governing enforcement of ADOSH penalties provides a longer limitations period than the general statute, we conclude that the eight-year period controls. See Save Our Valley Ass'n v. Ariz. Corp. Comm'n, 216 Ariz. 216, 221, ¶ 22, 165 P.3d 194, 199 (App.2007) ("Under the principles of statutory construction, specific statutes control general statutes.").[4]
¶ 15 To give meaning to the provision in section 23-418(J) that enforcement of penalties mirrors that of superior court judgments, we conclude that the general provisions of section 12-1551 apply to such penalties to the extent not superseded by a more specific statute. We therefore conclude that the penalty can be renewed in accordance with section 12-1551 by substituting an eight-year period for the generally applicable five-year period. ADOSH therefore was able to renew the judgment by filing an affidavit at any time within ninety days preceding the expiration of the judgment and lienor between June 30, 2008 and September 29, 2008.
¶ 16 ADOSH acknowledges that because it filed an affidavit to renew on February 13, 2007, the filing was more than sixteen months premature. It nonetheless contends that because Appellants were aware of the civil penalty and were given notice of the judgment's status, this error was not fatal to the renewal. We disagree.
¶ 17 The filing of a renewal by affidavit is "intended in part to alert interested parties to the existence of the judgment." Smith, 209 Ariz. at 345, ¶ 13, 101 P.3d at 639. A.R.S. § 12-1612(B) expressly provides that a renewal by affidavit must be filed within ninety days before the expiration of the judgment, and strict compliance with the renewal *713 provisions is required to effect a renewal.[5]Fay v. Harris, 64 Ariz. 10, 13, 164 P.2d 860, 861 (1945); J.C. Penney v. Lane, 197 Ariz. 113, 119, ¶ 31, 3 P.3d 1033, 1039 (App.1999). ADOSH's sixteen-month-premature filing of its renewal affidavit was contrary to the plain language and purpose of the statute and therefore ineffective.
¶ 18 The prematurity of the renewal affidavit, however, does not preclude ADOSH from proceeding in its current garnishment action as against Alpha Geotechnical and Appellants. A.R.S. § 12-1551(B) provides in relevant part:
An execution or other process shall not be issued upon a judgment after the expiration of [the statutorily prescribed period] from the date of entry unless ... an action is brought on it within [the statutorily prescribed period] from the date of the entry of the judgment or of its renewal.
Here, pursuant to A.R.S. § 23-418(J), the statutorily prescribed period was eight years. The judgment and lien remained in effect until September 28, 2008, and ADOSH timely sought to execute on the judgment on September 15, 2008. The limitation period had not run because ADOSH timely brought an action on the judgment to garnish Appellants' wages.

CONCLUSION
¶ 19 For the foregoing reasons, we affirm the trial court's orders.
CONCURRING: PATRICIA K. NORRIS, Presiding Judge, and DANIEL A. BARKER, Judge.
NOTES
[1] With interest, the total balance due as of September 30, 2008 was $369,202.61.
[2] In their Opening Brief, Appellants contend that they are appealing from the January 15, 2009 order. The appeal may have been more properly taken from the December 30, 2008 order granting a continuing lien against Appellants' non-exempt earnings. Because Appellants' appeal is timely regardless whether it was taken from the December order or the January order, we also consider this appeal as one from the earlier ruling.
[3] Appellants argue that this interpretation will invite confusion as to the proper start date of the eight-year period. We disagree. Section 23-418(J) clearly prescribes the date of the final order or decision as the date on which the eight-year lien begins to run. Unless review is sought, a decision becomes final fifteen days from the date on which the decision is mailed to the parties. A.R.S. § 23-421(C). Here, the decision was mailed on September 14, 2000 and became final on September 29, 2000. Accordingly, the eight-year limitation period began to run on September 29, 2000.
[4] We reject the argument that there are two limitations periods: a five-year period for the judgment and an eight-year period for the lien. The statute expressly allows for enforcement of the civil penalty within eight yearseither as a judgment or as a lien.
[5] ADOSH notes that some errors in renewal affidavits may not be fatal if they are not misleading. While we recognize that some defects contained in an affidavit may not defeat a renewal of judgment, the timeliness of the affidavit is a rigid statutory requirement and is not subject to modification by the court. E.g., Fay v. Harris, 64 Ariz. at 13-14, 164 P.2d at 861-62 (compliance found when amount owing on judgment was incorrect but could be ascertained); Triple E Produce Corp. v. Valencia, 170 Ariz. 375, 378, 824 P.2d 771, 774 (App. 1991) (holding misstatement of the amount owing in an affidavit not fatal); Weltsch v. O'Brien, 25 Ariz.App. 50, 53, 540 P.2d 1269, 1272 (1975) ("[T]echnical omissions or errors in the affidavit will not defeat the renewal of judgment.").