NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ELVA AIDA OLIVO, *Plaintiff/Appellee,*

*v.*

NINA and SKIP MCFARLIN dba ONE WAY AUTO,
*Defendants/Appellants.*

No. 1 CA-CV 13-0094
FILED 2-25-2014

Appeal from the Superior Court in Maricopa County
No. TJ2012-000161
The Honorable James R. Morrow, Commissioner

**REVERSED AND REMANDED**

COUNSEL

Law Offices of Timothy D. Ducar, PLC, Phoenix
By Timothy D. Ducar
*Counsel for Plaintiff/Appellee*

Nina and Skip McFarlin, Phoenix
*Defendants/Appellants*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

---

**G O U L D,** Judge:

¶1        Daryl "Skip" McFarlin and Nina McFarlin d/b/a One Way Auto (the "McFarlins") appeal from the superior court's order denying their motion to quash execution/motion to vacate execution sale on their property.  For the reasons discussed below, we reverse and remand.

**Facts and Procedural History**

¶2        On October 3, 2003, Appellee Elva Aida Olivo ("Olivo") obtained a judgment in justice court against the McFarlins.  On March 14, 2008, Olivo signed and filed an affidavit to renew her judgment.  The affidavit was received and file stamped by the justice court clerk "2008 March 14."  At the bottom of the affidavit, under the section entitled "Notice of Renewal of Judgment," there is a section to be filled out by the justice of the peace and the clerk.  Under this section, the document states, "[O]n 3/14/08 the court received and docketed an Affidavit of Renewal of Judgment by the judgment creditor herein."  Further, this section states that the "judgment has been renewed for a period of 5 (five) additional years . . . from the date of docketing," and "[T]he expiration date is 3/14/13."  Finally, the bottom of the affidavit reflects it was signed by the justice of the peace and mailed by the clerk to Olivo on July 29, 2008.

¶3        Based on the renewed judgement, on March 3, 2012 and June 1, 2012, Olivo had writs of execution issued by the superior court pursuant to Arizona Revised Statute ("A.R.S.") section 12-1551.[1]  Olivo sought to execute on real property owned by the McFarlins to satisfy her judgment.

---

[1]        A.R.S. § 12-1551 provides that a "party in whose favor a judgment is given, at any time within five years after entry of judgment and within five years after any renewal of judgment either by affidavit or by an action brought on it, may have a writ of execution or other process issued for its enforcement."

In response, the McFarlins filed a motion to quash/vacate the execution sale.

¶4　　　　The superior court held a hearing on the McFarlins' motion on August 10, 2012.  At the hearing, Olivo testified that she had started to file the affidavit of renewal on March 14, 2008, but then she informed the court that she had to travel to Mexico to take care of her "very, very ill" mother, and expected to be in Mexico "for two and a half to three months."  Olivo then returned to the justice court in July and completed filing the affidavit, at which time the justice of the peace signed the notice of renewal of judgment, and the clerk of the court signed the notice and mailed a copy to Olivo.

¶5　　　　Following the hearing, the superior court determined that Olivo "did take the affidavit for renewal to the justice court in March of 2008," but she "then returned to the justice court a few months later to actually obtain the renewal of judgment."  The superior court determined that Olivo's testimony was "corroborated by the July 29, 2008 signature dates of the justice of the peace and clerk on the notice of renewal of judgment."  The McFarlins filed a motion for new trial and a motion for reconsideration, both of which the court subsequently denied.  After the superior court issued a signed minute entry order denying the McFarlins' motion to quash execution/motion to vacate execution sale, the McFarlins timely appealed.

**Discussion**

¶6　　　　The McFarlins assert the superior court erred in denying their motion to quash/vacate the execution sale because Olivo's renewal affidavit was not filed within the time required by A.R.S. § 12-1612(B).  In response, Olivo contends the superior court found that her affidavit was filed within the requisite statutory period.  We accept the trial court's factual findings unless they are clearly erroneous.  *Mendota Ins. Co. v. Gallegos*, 232 Ariz. 126, 129, ¶ 8, 302 P.3d 651, 654 (App. 2013).

¶7　　　　Pursuant to A.R.S § 12-1612(B), "[a] judgment creditor or his personal representative or assignee may within ninety days preceding the expiration of five years from the date of entry of such judgment, make and file . . . a renewal affidavit."  The proper filing of an affidavit renews and revives the judgment for an additional five years.  A.R.S. § 12-1612(D)-(E).

¶8　　　　In *State ex. Rel. Indus. Com'n of Ariz. v. Galloway*, 224 Ariz. 325, 230 P.3d 708 (App. 2010), we held that a creditor's sixteen-month premature filing of its renewal affidavit was "contrary to the plain

language and purpose of the statute and therefore ineffective." *Galloway*, 224 Ariz. at 330, ¶ 17, 230 P.3d at 713. We noted that "A.R.S. § 12-1612(B) expressly provides that a renewal by affidavit must be filed within ninety days before the expiration of the judgment, and strict compliance with the renewal provisions is required to effect a renewal." *Id.* at 329-30, ¶ 17, 230 P.3d at 712-13. We concluded that unlike the procedure for renewing a judgment by action under A.R.S. § 12-1611, which may be renewed "any time within five years after the date of the judgment," renewal by affidavit under A.R.S. § 12-1612(B) must be within ninety days prior to expiration of judgment.

**¶9** The parties agree that pursuant to A.R.S. § 12-1612(B), the ninety day period for Olivo to file her affidavit of renewal was between July 5, 2008 and October 2, 2008. Thus, if Olivo filed her affidavit on March 14, 2008, the renewal would have been premature and ineffective. However, if Olivo had filed her affidavit on July 29, 2008, the filing would have occurred within the prescribed renewal period set forth in A.R.S. § 12-1612(B). As a result, resolution of this appeal turns on whether the trial court's finding that Olivo filed her affidavit of renewal in July 2008, rather than March 2008, was clearly erroneous.

**¶10** We conclude the superior court's finding was clearly erroneous. While Olivo testified that she only "began" the filing process on March 14, her affidavit of renewal clearly shows that she filed it on that date. The affidavit was signed by Olivo and file stamped by the court on March 14. The portion of the affidavit filled out by the justice of the peace and court clerk clearly show that the affidavit was received and docketed on March 14. Finally, the expiration date of the judgment renewal was entered by the court as "3/14/13," or five years from the March 14 filing date. If Olivo in fact completed the filing process on July 29, we can discern no reason why the expiration date would run from March 14, rather than July 29.

**¶11** The fact that the justice court signed the notice of renewal on July 29 does not change our decision, nor does it support the superior court's finding. For the purposes of A.R.S. § 12-1612(B), the date the notice of renewal of judgment is signed by the court is not relevant in determining whether the affidavit was timely filed. The statute only references the date the affidavit is filed, not when it is signed or mailed by the court.

4

**Attorneys' Fees**

¶12 Olivo requests an award of attorney fees on appeal pursuant to A.R.S. § 12-341.01. Because Olivo is not the successful party in this appeal we deny her request.

**Conclusion**

¶13 For the aforementioned reasons we reverse and remand with directions to the superior court to grant the McFarlin's motion to quash execution/motion to vacate execution sale. Further, we award the McFarlins their costs on appeal.



Ruth A. Willingham · Clerk of the Court
FILED: mjt