IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CITY OF MESA; GUSTAVO WILLIAMS, *Petitioners*,

*v.*

THE HONORABLE TIMOTHY RYAN, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA
*Respondent Judge,*

PHILIP ROGERS, *Real Party in Interest*.

No. 1 CA-SA 23-0154
FILED 10-31-2023

Petition for Special Action from the Superior Court in Maricopa County
No. CV2022-014378
The Honorable Timothy J. Ryan, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

City of Mesa Attorney's Office, Mesa
By Duncan J. Stoutner, Alexander J. Lindvall
*Counsel for Petitioners*

Breyer Law Offices, P.C., Phoenix
By Mark P. Breyer, Richard Reed
*Co-Counsel for Real Party in Interest*

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Co-Counsel for Real Party in Interest*

---

## OPINION

Judge Andrew M. Jacobs delivered the opinion of the Court, in which Presiding Judge Michael J. Brown and Chief Judge David B. Gass joined.

---

**J A C O B S**, Judge:

¶1        The City of Mesa and Officer Gustavo Williams ask us to exercise our special action jurisdiction to review the superior court's denial of their motion to dismiss plaintiff Philip Rogers' personal injury suit against them.  They moved to dismiss Rogers' suit because his notice of claim against them did not state a specific amount for which his claim could be settled.  Because the superior court incorrectly applied A.R.S. § 12-821.01(A) by denying Mesa's motion to dismiss where Rogers' claim sought "$1,000,000 or [Mesa's] applicable policy limits, whichever are greater," we accept special action jurisdiction and reverse the denial of Mesa's and Williams' motion to dismiss.

### FACTS AND PROCEDURAL HISTORY

¶2        This case arises from an automobile accident on November 19, 2021.  That day, Mesa Police Officer Gustavo Williams was driving his patrol car south on Dobson Road approaching its intersection with University Drive.  Williams ran the red left-turn signal and struck a car driving north on Dobson Road.  Williams' patrol car also hit and injured Philip Rogers, who was riding his bicycle north in the crosswalk on the eastern side of Dobson Road.  The investigating police officer's report noted that Williams violated Arizona traffic law when he failed to follow the traffic-control device and yield the right-of-way.

¶3        Rogers' causes of action against Mesa and Williams accrued on November 19, 2021.  Rogers' deadline under A.R.S. § 12-821.01(A) to serve defendants with notices of claim was thus May 18, 2022, 180 days later.  Rogers timely served notices of claim on Mesa on May 16, 2022, and Williams on May 18, 2022.

¶4        Rogers' notices of claim set forth facts alleging that Williams injured him, making Williams liable (and Mesa vicariously liable) for Williams' acts.  To satisfy A.R.S. § 12-821.01(A)'s requirement of stating "a

specific amount for which the claim can be settled," Rogers wrote: "Based upon the totality of the circumstances, this matter can be settled at this time for $1,000,000 or the applicable policy limits, whichever are greater."

¶5 On June 23, 2022, Rogers sought to amend his notices of claim to remove the reference to "the applicable policy limits." His amended notice of claim stated: "To reaffirm, our client Mr. Rogers has authorized us to [settle] any and all claims arising from this incident against Officer Williams, the City of Mesa, Mesa Police Department, or any other officer or employee for the total sum of $1,000,000."

¶6 The notices of claim did not lead to resolution of Rogers' claims. Rogers then sued Mesa and Williams, seeking damages for his injuries. Defendants moved to dismiss Rogers' suit, arguing that his original notices of claim failed to state "a specific amount for which the claim can be settled." Mesa explained in its motion that it has several different policy limits, and that the answer to the question of which limit or limits might apply is not within its control. The superior court denied defendants' motion in an order reciting that Rogers' notice "satisfied [the] requirement" of stating "a specific amount for which the claim can be settled and the facts supporting the amount," but without explaining why it did.

¶7 Mesa and Williams petitioned this court by special action to review the superior court's ruling. We accept jurisdiction and reverse, because "$1,000,000 or the applicable policy limits, whichever are greater" was not "a specific amount for which the claim [could have been] settled."

## DISCUSSION

### I. This Matter Presents a Purely Legal Issue of Statewide Importance Appropriately Addressed by Special Action.

¶8 Whether to accept jurisdiction of a special action is "highly discretionary," but is "appropriate 'in matters of statewide importance, issues of first impression, cases involving purely legal questions, or issues that are likely to arise again.'" *Prosise v. Kottke*, 249 Ariz. 75, 77 ¶ 10 (App. 2020) (quoting *State ex rel. Romley v. Martin*, 203 Ariz. 46, 47 ¶ 4 (App. 2002)). How to interpret the specificity requirement in A.R.S. § 12-821.01(A) is a purely legal question of statewide importance that commonly recurs. Resolving it here also aids efficient resolution of this matter. We thus accept jurisdiction of this special action.

**II.    As a Matter of Law, Rogers' Notices of Claim Did Not State a Specific Amount for Which His Claim Could Be Settled, as A.R.S. § 12-821.01(A) and Precedent Interpreting It Require.**

**A.    The Claim Statute's Plain Meaning Requires Reversal.**

**¶9**        We interpret statutes by construing their words in their natural and ordinary meanings.  *See J.L.F. v. Ariz. Health Care Cost Containment Sys.*, 208 Ariz. 159, 162 ¶ 15 (App. 2004).  "When the statute's language is clear and unambiguous, we must give effect to that language without employing other rules of statutory construction."  *Parsons v. Ariz. Dep't of Health Servs.*, 242 Ariz. 320, 323 ¶ 11 (App. 2017).

**¶10**        Arizona Revised Statute Section 12-821.01(A) is clear as written and should be taken to mean what it says.  It requires that a claim "contain a specific amount for which the claim can be settled."  A.R.S. § 12-821.01(A).  Rogers' notice presented two alternatives we measure against that clear language:  (1) a specific amount that he might settle for – $1,000,000; and (2) an unstated amount he would prefer to settle for, were it available – Mesa's "applicable policy limits," if they turn out to be "greater" than $1,000,000.

**¶11**        Neither alternative in Rogers' notice complies with A.R.S. § 12-821.01(A).  As the Arizona Supreme Court has explained, the "specific amount" language in that statute "unmistakably instructs claimants to include a particular and certain amount of money that, if agreed to by the government entity, will settle the claim."  *See Deer Valley Unified School Dist. No. 97 v. Houser*, 214 Ariz. 293, 296 ¶ 9 (2007).  While $1,000,000 is "a particular and certain amount of money," Rogers' notice does not state that Mesa can settle the lawsuit for that amount.  Rather, it was one of two alternative amounts, the greater of which would suffice.  The second alternative – Mesa's "policy limits," if they turn out to exceed $1,000,000 – is not "a particular and certain amount of money," and thus fails to comply with the plain language of A.R.S. § 12-821.01(A) and *Deer Valley*'s explanation of it.

**B.    Cases Concerning Amounts Which Were Omitted When Required by a Statute or Rule, But Which Were Readily Calculable, Show Why Rogers' Notice Did Not "Include a Particular and Certain Amount of Money."**

**¶12**        Rogers points to other authority to suggest that where the amount of a claim can be calculated from the face of a notice of claim,

though that amount was omitted from the notice, the notice is nonetheless sufficiently specific.

**¶13**        We reject Rogers' argument that our unpublished decision in *A. Miner Contracting, Inc. v. City of Flagstaff* shows that Mesa's policy limits are "a particular and certain amount of money" satisfying the claim statute. 2015 WL 5770603, at *2 ¶ 8 (Ariz. App. Oct. 1, 2015) (mem. decision).  There, a notice of claim offered settlement for "$1,825,042.55 plus accrued interest."  *Id.* at *1 ¶ 4.  Rogers is right that in *A. Miner* we suggested that it would be possible for the phrase "plus accrued interest" to be consistent with the claim statute, if the matter were one of simple calculation with points of reference "clearly identified in the notice."  *Id.* *2 ¶ 12.  Yet in *A. Miner*, we affirmed the dismissal of the claim at issue, precisely because "the relevant documents . . . contain[ed] different interest rates and accrual dates," so that "it was impossible for the City to determine the precise amount for which Miner would settle its claim."  *Id.* *2 ¶¶ 10, 12.  Thus, *A. Miner* does not present a case where an unstated amount was still "a particular and certain sum of money."

**¶14**        *A. Miner* and cases in analogous areas suggest this rule: where an instrument is required to state a specific amount by statute or rule, and a reader may readily calculate from the face of the instrument the amount required to be stated, the instrument should be read as stating the required amount, making it valid.  Our judgment renewal statute requires the statement of the precise amount of the renewed judgment.  Yet in *Fay v. Harris*, the Arizona Supreme Court held that a judgment renewal which contained math errors on its face that a reader could readily observe and correct "did comply with the terms of the [judgment renewal] statute."  64 Ariz. 10, 13 (1945).  As the Court reasoned, "the data appeared on the face of the [judgment renewal] affidavit [] from which the exact balance could be determined."  *Id.*  From that premise, the Court concluded that the renewing party had renewed the judgment for the correct balance "rather than the incorrect balance claimed . . . ."  *Id.* at 14.

**¶15**        Arizona Rule of Civil Procedure 68 also provides a helpful analogy.  That rule authorizes sanctions against a party who declines to accept an offer of judgment and then does worse at trial than the amount of the rejected offer – provided the original offer stated a specific sum.  *See* Ariz. R. Civ. P. 68(b) (requiring offers of judgment to "specifically state the sum of money to be awarded . . .").  But where an offeror fails to apportion a sum offered among multiple parties, so the face of the offer does not allow the reader to derive the amount assignable to each beneficiary, that offer of judgment is invalid because it lacks the specificity Rule 68 requires.

*Greenwald v. Ford Motor Co.*, 196 Ariz. 123, 124 ¶ 3 n.2, 125-26 ¶¶ 8, 10 (App. 1999) (rejecting defendant's request for post-trial sanction of $294,618.40 in expert fees where offer of judgment "lack[ed] apportionment as to the beneficiaries . . . [and thus did] not conform to the required specificity of the rule . . .").

¶16 Our unpublished decision in *Mountainside Mar LLC v. City of Flagstaff,* upon which Rogers relies, is consistent with the rule suggested by those cases. *See* 2019 WL 3235025, at *1 ¶ 4 (Ariz. App. July 18, 2019). There, a claimant requested by claim letter the principal amount of $1,024,991 of "unlawfully assessed and collected development fees," to which the claim letter added a request for "any interest earned by the City from the date of payment . . . to the date of refund." *Id.* We found that notice sufficient because it "provided the City a way to compute a precise settlement amount . . . ." *Id.* at *3 ¶ 15. As with all of these cases, the ability to readily compute the sum certain – here, from a notice of claim – is why the instrument contained the specificity required, thus making it effective. Because Rogers' May 2022 notices of claim do not provide a means to readily compute the amount for which he would settle, the notices do not state "a specific amount for which the claim can be settled," as the statute requires, or "a particular and certain amount of money," as *Deer Valley* explained that requirement. Thus, Mesa's and Williams' motion to dismiss should have been granted.

### C. The Offer to Settle for "Applicable Policy Limits" Is Not an Offer to Settle for a "Specific Amount," Absent Circumstances Not Present Here.

¶17 Rogers argues his notice of claim seeking to settle for Mesa's "applicable policy limits" is for a specific amount under A.R.S. § 12-821.01(A) because Mesa knows its own insurance policies. As he puts it, his notice of claim "implicitly supplied a method for calculating what was owed by demanding the applicable policy limits – an amount the insured could compute precisely based on the insurance policy information that was uniquely available to it."

¶18 Rogers' argument fails because whether an insurance policy applies is not a calculation at all. To the contrary, it is a legal question. *See Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 534 (1982) (explaining "[t]he interpretation of an insurance contract is a question of law to be determined by the Court independent of the findings of the trial court."); *Benevides v. Ariz. Prop. & Cas. Ins. Guar. Fund*, 184 Ariz. 610, 613 (App. 1995) (noting "[i]nterpretation of insurance contracts is a question of law for this

court to decide."). Worse, it is often a complicated legal question. Whether a policy is "applicable" is a question that can take years to litigate in an action for declaratory judgment. *See Keggi v. Northbrook Prop. and Cas. Ins. Co.*, 199 Ariz. 43, 44 ¶ 1 (App. 2000) (reviewing history of complex action for declaratory judgment to determine applicable insurance coverage from each insurance company); *Czapski v. Maher*, 896 N.E.2d 394, 396-99 (Ill. App. Ct. 2000) (vacating the trial court's grant of summary judgment that found no applicable insurance coverage because there was no initial determination of liability after two years of litigation).

¶19 If a notice of claim referred to a clear point of reference, such as the limits in a single policy understood to be applicable, such a reference might satisfy A.R.S. § 12-821.01(A) for the reasons suggested in paragraphs 12 to 15 above. But the matter before us is not like that. Here, as Rogers explains, at oral argument in the superior court, Mesa stated "[t]he amount [demanded] in this case could be anywhere between one million and 54 million with several different amounts in between." The possibility of several different "applicable" policy limits illustrates that Mesa did not control the answer to the question, that it was not a math problem, and that determining the "applicable" limit might require an action for declaratory judgment, as is commonly the case. Mesa's limit was neither stated in Rogers' notice, nor determinable by simple computation. Rogers' notice thus did not comply with the claim statute. Thus, Mesa's and Williams' motion to dismiss should have been granted.

> **D.  Rogers' Untimely Attempt to Amend His Notice of Claim to Remove the Offer to Settle for "Applicable Policy Limits" Does Not Correct the Notice's Failure to State the "Specific Amount" for Which He Would Have Settled.**

¶20 Finally, Rogers argues that his June 23, 2022 amended notice of claim was timely because in it he made a "narrower sum-certain demand" that he asserts was proper because "the statutory discovery rule of A.R.S. § 12-821.01(B) applied." This suggestion fails for two reasons. First, a "late[] compliant notice of claim . . . does not cure the defect in" a timely but deficient notice of claim. *Pinal Cnty. v. Fuller*, 245 Ariz. 337, 343 ¶ 21 (App. 2018). Second, the discovery rule does not apply because Rogers points to no new facts he learned before his untimely amended claim justifying the new, streamlined demand. Thus, rather than making a new demand resting on new information, Rogers cut half of the content from a demand he had already made in his timely notice of claim. He did not know at the time of his original or amended notice of claim what limits

Mesa's multiple insurance policies contained, or which limit or limits applied. The amended notice does not fix the original notice.

## CONCLUSION

**¶21** For the reasons stated, we take jurisdiction, reverse, remand, and direct the dismissal of Rogers' complaint.

